## In re PETITION OF HENRY C. WILCOX.

### NEWPORT—APRIL 26, 1905.

PRESENT: Douglas, C. J., Dubois and Johnson, JJ.

(1) *Elections. Votes. Town Council.*

Pub. Laws cap. 1197, § 4, provides: "In the election of the members of the town council of said town (Tiverton) the names of candidates for such offices shall be numbered upon the ballot, and in counting the votes cast for such candidates the places numbered shall be considered as separate offices:—"

*Held*, that the provision requiring the numbering of names was imperative, and that ballots cast by pasting a slip over the name of the candidate and his number, which slip, bearing the name of the opposition candidate, had no number, were illegal.

*Held*, further, that ballots cast by erasing the name of the candidate, leaving the number, and writing the name of the opposition candidate in the margin, either at the right or left, were legal.

PETITION IN EQUITY in the nature of *quo warranto*, on facts fully stated in the opinion.

JOHNSON, J.   This is a petition in equity in the nature of *quo warranto*, under Gen. Laws cap. 263, for the purpose of determining title to the office of third member of the town council of the town of Tiverton.   The petition sets forth that on the 5th day of April, A. D. 1905, the petitioner was a qualified elector of the town of Tiverton, and was qualified under the laws of this State to hold the office of a member of the town council of said town; that the annual election for town officers was held on said 5th day of April, at which election the petitioner was a candidate for third member of the town council; that at said election he was elected to said office of third member by a plurality of the votes cast at said election, and that he is entitled to enjoy said office; that he qualified for said office by taking the oath prescribed by law for town councilmen of said town; that he presented himself before the council and attempted to take his seat, but that the council refused to allow him to assume the duties of his office or to enjoy its privileges, and it has seated one James H. Manchester as third member in his place and stead, and that said Manchester insists on occupying said seat and office and is depriving the petitioner of his rights in the premises. '

The contest arises from the fact that both Wilcox and Manchester were candidates for third member of the town council.

The total number of votes cast for this office was, according to the count by the town council, 456, of which Henry C. Wilcox and James H. Manchester each received 228, resulting in no election.   At an adjourned election James H. Manchester was declared elected, and took his seat as third member of the town council.   Two of the ballots cast at the first election, which were counted for Manchester, were cast upon a printed ticket, headed, "Republican Ticket," of which the portion relating to the town council was as follows:

"Town Council and Overseers of the Poor. .
          "No. 1.   Elmer E. Grinnell,
          "No. 2.   George A. Brown,
          "No. 3.   Henry C. Wilcox,
          "No. 4.   Charles E. Williston,
          "No. 5.   Samuel F. Stewart."

The two ballots in question were cast by pasting over the name of Henry·C. Wilcox, and the "3," at the left thereof, on the ticket, a slip bearing the name 'of James·H. Manchester, but having no number thereon. The contention of the petitioner is that under the provisions of section 4 of chapter 1197 of the Public Laws these ballots were illegal and should not have been counted for said Manchester.

(1) Chapter 1197 of the Public Laws, passed at the January session, 1904, is an act in amendment of chapter 1432 of the Public Laws, passed at the January session, 1895, entitled: "An act to divide the town of Tiverton into voting districts and for other purposes." Section 4 of chapter 1197 is as follows: "In the election of the members of the town council of said town the names of candidates for such offices shall be numbered upon the ballot, and in counting the votes cast for such candidates the places numbered should be considered as separate offices." Chapter 1432 of the Public Laws did not contain this provision, and after its passage, and prior to the passage of said chapter 1197 in amendment thereof, it was not necessary to number the names on the ticket for members of the town council in the town of Tiverton. *Brown* v. *Barker*, 20 R. I. 579.

A number of cases have been cited by the respondents bearing on the question of the intent of the voter. The intent of the voter is material, provided such intent is expressed conformably to the law. Not every expression of the intent of the voter, however, can be given effect. He must comply with the imperative requirements of the law.

This court, in response to questions propounded by the governor, has given the opinion that the cross in voting at State and congressional elections must be placed at the right of the name on the ballot and opposite to the name. *In re the Vote Marks*, 17 R. I. 812, and *In re Ballot Marks*, 18 R. I. 822. A cross placed otherwise might indicate the voter's intention, but the law requires him to place it at the right of and opposite to the name. The provisions of section 4 of chapter 1197 of the Public Laws requiring the numbering of names on the ballot for members of the town council are, in

like manner, imperative and must be followed. Upon the ballots in question there was no number accompanying the name of James H. Manchester, and therefore the ballots were not legal ballots.

Two ballots counted by the town council for Henry C. Wilcox were cast upon a ticket also headed "Republican Ticket," of which the portion relating to town council was as follows:

"Town Council and Overseers of the Poor.
"1. S. Gilman Bowen,
"2. Fernando A. Wilcox,
"3. James H. Manchester,
"4. Thomas E. Borden,
"5. John Carpenter."

These votes were cast by erasing the name of James H. Manchester on said ticket, leaving the "3" at the left of the name, and writing the name of Henry C. Wilcox in the margin, in the case of one ballot at the left, and in the case of the other ballot at the right. On these ballots the name was numbered as required by section 4 of chapter 1197, and, the imperative requirement of the statute in that regard having been complied with, the intent of the voter is clearly manifest and these ballots were properly counted for Henry C. Wilcox.

Our conclusion, then, is that James H. Manchester was not elected to the office of third member of the town council of the town of Tiverton, and is not entitled to the same; and that Henry C. Wilcox was elected to said office and is entitled thereto.

*Comstock & Canning*, for petitioners.
*Wm. P. Sheffield, Jr.*, for respondents.