R. H. HOUSTON, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

1.  The ruling of a trial court denying a motion to quash an indictment must be embraced in the record proper in order that this court may consider an assignment of error based thereon.

2.  When a grand jury is informed of the instrumentalities used in effecting a homicide, and of the manner of the death, these should be set forth in the indictment; but when the grand jury is satisfied that an unlawful homicide has been committed, and the evidence does not satisfactorily show how it was accomplished, the form of the indictment used in this case is approved.

3.  Where circumstantial evidence points strongly to the defendant as the guilty agent in causing the death of a party, who is clearly shown to have met a violent death, and is without material conflict, this court cannot say that the jury were not warranted in concluding that the defendant was guilty beyond a reasonable doubt.

This case was decided by Division B.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*G. B. Wells,* for Plaintiff in Error.

*W. H. Ellis,* Attorney-General, for the State.

HOCKER, J. On the 16th of December, 1904, the grand jury of Hillsborough county presented an indictment in the Circuit Court against R. H. Houston in the following words and figures:

"The State of Florida, vs. R. H. Houston—Indictment for Murder.

In the name and by the authority of the State of Florida.

In the Circuit Court of the Sixth Judicial Circuit of the State of Florida, in and for the county of Hillsborough, at the Fall term thereof, in the year of our Lord one thousand nine hundred and four, Hillsborough county, towit:

The grand jurors of the State of Florida inquiring in and for the county of Hillsborough upon their oaths present that R. H. Houston whose christian name is to the grand jurors unknown, late of the county of Hillsborough aforesaid, in the Circuit and State aforesaid, on the 26th day of July, in the year of our Lord one thousand nine hundred and four at and in the county of Hillsborough aforesaid, did unlawfully and from a premeditated design to effect the death of one Robert Story, make an assault on the said Robert Story, and in some way and manner and by some means, instruments and weapons to the jurors unknown he the said R. H. Houston whose christian name is to the jurors unknown did then and there unlaw-

fully and from a premeditated design to effect the death of the said Robert Story, inflict on and create in the said Robert Story certain mortal injuries and a mortal sickness a further description whereof is to the jurors unknown, of which mortal injuries and sickness to the jurors unknown the said Robert Story then and there died. And so the said R. H. Houston, whose christian name is to the jurors unknown did in the manner and form aforesaid, unlawfully and from a premeditated design to effect the death of the said Robert Story kill and murder the said Robert Story, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

Houston was tried on the 18th day of January, 1905, found guilty of murder in the first degree with recommendation to mercy, and sentenced to imprisonment in the penitentiary for life. He seeks a reversal here on writ of error.

There is an assignment of error based on action of the trial court in denying a motion to quash the indictment, but as the motion to quash is not contained in the record proper, we cannot consider it. Hearn v. State, 43 Fla. 151, & cases cited.

There was a motion made to arrest the judgment on the ground that the indictment was vague and uncertain, does not inform the defendant of the nature of the accusation, fails to allege the manner of the death of Robert Story, and fails to allege the instrument or agency whereby his death was accomplished. This motion was denied, and the ruling of the court excepted to. A motion for a new trial was made, questioning in various forms the sufficiency of the evidence to support the verdict, and particularly that the evidence does not show the guilt of

Houston beyond a reasonable doubt. This motion was overruled, and the ruling excepted to. The assignments of error here are based on these rulings.

It is true that when a grand jury is informed of the instrumentalities used in effecting a homicide, and of the manner of the death, these should be set forth in an indictment; but when a grand jury is satisfied that an unlawful homicide has been committed and the evidence does not satisfactorily show how it was accomplished, the form of indictment used in this case is supported by abundant authority in the various States, beginning with the case of Commonwealth v. Webster, 5 Cush. 295. The form here used is almost identical with the one given in Bishop's Directions & Forms (2nd ed.) Sec. 520. See 10 Ency. Pl. & Pr. 127, and note 2. We think the form of the indictment under the circumstances of this case, is not obnoxious to criticism.

The remaining assignments of error are based on the insufficiency of the evidence to support the verdict. We have given the evidence careful consideration. It is all circumstantial except the testimony of the physicians who examined the dead body of Story. The physicians testified that Story's neck was broken; that he had received a severe blow in the face and head; that his kidneys, heart and other organs were in a healthy condition, and that he had died from strangulation, or from having his neck broken, or both. The evidence, we think, shows conclusively that Story met a violent death, and while Houston's connection with the death is only shown by circumstantial evidence, that evidence is without material conflict and points so strongly to Houston as the guilty agent, we are unable to say that the jury were not warranted in

concluding that he was guilty beyond a reasonable doubt. Dickens v. State, 50 Fla. ..., 38 South. Rep. 909.

The judgment is affirmed.

TAYLOR and PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.