HOSEA SMITH, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed March 5, 1931.

*E. C. Boswell* of Geneva, Ala., for Plaintiff in Error;

*Fred H. Davis*, Atty. Gen. and *Roy Campbell*, Asst., for Defendant in Error.

BUFORD, C. J.—In this case the defendant in the court below was convicted of rape and was recommended to the mercy of the court. The bill of exceptions presented some of the most unreasonable stories we have ever been called upon to consider.

The record shows that the woman alleged to have been assaulted has sworn to three different stories about the matter. That she first swore before a Grand Jury investigating the case that the defendant never touched her at all. Before another Grand Jury she testified apparently very much as she did upon the trial except that before the Grand Jury she testified that while the crime was being committed she told the accused that she was

suffering with a headache and would like to get up and get some aspirin; that he allowed her to get up, go out on the porch and take the aspirin and return. This does not appear in her testimony before the trial jury and if it had there would doubtless have been no conviction.

It appears from the most favorable aspect of the State's case that the husband was present during the commission of the alleged offense, that he was wide awake and in possession of his faculties and supinely obeying the orders of the accused, who was unarmed. It further appears that such force as was alleged to have been used could have scarcely been effective on one not a willing victim.

In Troop vs. State, 98 Fla. 385, 123 Sou. 811, it was said:

"It is a well established general rule in this court that when the propriety of a verdict depends upon the credibility of conflicting testimony, and when the facts in evidence are complicated or contradictory, requiring a consideration of the character, integrity or probity of witnesses whose testimony it is necessary to come and weight, the verdict of the jury will not be set aside as against the weight of the evidence unless the evidence preponderates so strongly against the verdict that the court can not conclude that such verdict was the result of a due consideration of the evidence.

Exceptions to this rule, however, have been previously recognized by this Court in criminal cases where the evidence as to the identification of the accused as being the guilty party, or the evidence relied upon to establish some essential element of the offense was not satisfactory. See Nims vs. State, 70 Fla. 530, 70 Sou. 565; Fuller vs. State, 92 Fla. 873, 110 Sou. 528; Ming vs. State, 89 Fla. 280, 103 Sou. 618; Platt vs. State, 65

Fla. 253, 61 Sou. 502; Townsend vs. State, 95 Fla. 139, 93 Sou: 176; Knowles vs. State, 86 Fla. 270, 97 Sou. 716; Davis vs. State, 76 Fla. 179, 79 Sou. 450.''

Under authority of the opinion in that case, and those cited therein, we feel that justice demands a reversal of the judgment in this case, because the evidence upon which the State relied for a conviction is so unreasonable, contradictory, unsubstantial and unsatisfactory as to have left the jury to grope in the realm of guesswork and speculation to return a verdict against the defendant. It is so ordered.

Reversed.

WHITFIELD, ELLIS, TERRELL AND BROWN, J.J., concur.