F. K. ARMSTRONG, *Plaintiff in Error,* vs. THE STATE OF FLORIDA, *Defendant in Error.*

145 So. 212.

Division B.

Opinion filed January 2, 1933.

*W. D. Bell, Douglas Bell, E. M. Magaha* and *Arthur Gomez,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* for the State.

DAVIS, J.—F. K. Armstrong, a physician, was found guilty of the crime of manslaughter and sentenced therefor to be imprisoned in the State prison for ten years. The indictment was in two counts, but the defendant was acquitted of the charge embraced in the second count. A writ of error brings the judgment based upon the first count here for review.

The first count of the indictment was based upon Section 7144 C. G. L., 5042 R. G. S., and charged that the defendant on October 11, 1930, in Lee County, Florida, in and upon one D. V. L. did then and there unlawfully, feloniously and wilfully make an assault and did then and there thrust and strike a certain instrument, a more particular description of which was to the Grand Jurors unknown, which he, the said F. K. Armstrong then and there held in his hand, up and into the body and womb of one D. V. L., she being then pregnant with a quick child, with criminal intent then and there to destroy such quick child and to cause the said D. V. L. to miscarry, the same not being then and there necessary to preserve the life of the said D. V. L. thereby, then and there inflicting on the said D. V. L. in and about her womb and other internal parts, certain mortal bruises, wounds and lacerations and feebleness of body whereby she languished, and languishing, died on October 13, 1930.

Even if, as against the motion to quash and motion in arrest of judgment interposed to the first count of the indictment, the indictment was good as a charge of manslaughter through abortion, as denounced by Section 7144 C. G. L., *supra,* although it did not allege in the language of the statute that the abortion alleged was not

advised by two physicians to be necessary to preserve the life of the mother (See 1 C. J. 322, State v. Meek, 70 Mo. 355, 35 Am. Rep. 427), the evidence was not sufficient to show beyond a reasonable doubt that the defendant with a criminal intent to destroy a quick child, thrust an instrument into the womb of the deceased patient, so as to cause her death in the course of the perpetration of, or attempt to perpetrate, an abortion, therefore a new trial should have been granted.

The unfortunate girl, before her death, was shown to have made a signed statement in which she affirmatively stated on her own responsibility, while in her right mind, that she had gone to Dr. Armstrong, the defendant, suffering from a miscarriage induced by her own acts, done by her before she went to Dr. Armstrong for treatment, and that Dr. Armstrong had nothing to do, in any manner, either by advice, material or action, directly or indirectly, in producing the abortion and miscarriage from which she was suffering when she left her home in Key West, to seek treatment for her own abortion's consequences at the Sanitarium operated by the defendant in Lee County. This evidence was not refuted by the State, nor was any explanation offered to controvert its effect, other than the bare suggestion of prosecution counsel, unsupported by any proof, that written statements were required by Dr. Armstrong from all his female patients upon whom he habitually committed similar practices at his sanitarium.

This court is committed to the doctrine that a verdict of guilt of felony should not be upheld when based on guesswork or suspicion and that where the evidence considered as a whole entirely fails to disclose any subtantial proof of material fact necessary to be alleged and proved a judgment of conviction will be reversed. McFeeters vs. State, 96 Fla. 660, 118 Sou. Rep. 919; Smith v. State,

101 Fla. 162, 133 Sou. Rep. 873; Hall vs. State, 90 Fla.
719, 107 Sou. Rep. 246; Adams v. State, 96 Fla. 356,
118 Sou. Rep. 204; Deiterle vs. State, 101 Fla. 79, 134
Sou. Rep. 42.

The jury acquitted the defendant on the second count
of the indictment, which charged culpable negligence in
performing an operation with surgical instruments, result-
ing in death. Much of the expert testimony of the
physicians may be said to have had a bearing only in
support of that count. The acquittal of the accused on
the count in question therefore left the case freed of any
consideration as to the expertness of manner in which
the acts of the accused had been performed, leaving only
for consideration the question, whether or not the ac-
cused, or the woman herself, was responsible for the
abortive acts which resulted in the destruction of the
quick child of which the female patient was six months
or more pregnant when she died.

There is no substantial proof in the record tending to
refute the defendant's version of the unfortunate wo-
man's death. This was to the effect that he, as a physi-
cian, simply undertook at her own request, to restore her
to health by clinical means, after she had already com-
mitted on her own body, acts which had resulted in the
premature delivery of her unborn child, but which had
left in the uterus a portion of the foetus that required
removal by surgical instrumentation, after nature had
failed to discharge it.

Giving to the written statement of the deceased girl
the weight to which it is entitled under the law, when
not refuted by anything more than the mere speculative
possibility that it was a precautionary statement, de-
manded and obtained by the accused, as a safeguard
against likely unfortuitous circumstances of a criminal
abortion he was then about to commit, and giving to the

evidence of the witnesses for the defense, the weight to which it is entitled as against the probabilities, but by no means certainties, of the deductions made by the state witnesses to the contrary, there is nothing substantial in the way of evidence, to make out the indispensable factor or abortive effort, necessary to sustain an offense within the purview of Section 7144 C. G. L., *supra*, as laid in the first count of the indictment, so the judgment of conviction on that count must be reversed.

Reversed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BROWN, J., concurs in the opinion and judgment.

Filed under Rule 21 A.