## H. L. Douglass v. State.

### 184 So. 756.
### Opinion Filed November 28, 1938.

*Emory S. Akerman* and *Robert L. Hodges,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

Terrell, C. J.—The plaintiff in error was tried and convicted of the crime of incest. It is alleged that the unlawful act was perpetrated on his daughter, a young woman twenty-one years of age. He was sentenced to five years in the State penitentiary and seeks to be relieved of that judgment on writ of error.

It is contended that the judgment should be reversed because of the unreasonable and improbable state of the evidence, because of improper remarks of the prosecuting attorney during the trial and because the conviction was predicated solely on the uncorroborated testimony of the prosecutrix, who was said to be feeble-minded.

The record has been examined in the light of the questions raised and so much of the evidence recited facts out of harmony with the conduct of normal human beings and so many prejudicial recitals were injected into the trial that

we are driven to the conclusion that in right and justice the defendant should be accorded a new trial and have his case passed on by another jury.

The State admits that it relies on the uncorroborated testimony of the prosecutrix for conviction, although she is shown to be of subnormal mentality, charges her father with having committed the unlawful act, in an unnatural condition, and under unnatural circumstances. She is shown to be twenty-one years of age and has frequently made similar charges against her father, and recanted. She is shown to have been afflicted with a venereal disease which was most probably communicated by someone not a party to this cause.

In the process of the trial, the prosecuting attorney threw out a remark, the effect of which was to suggest that the defendant's counsel was also guilty of incest. The jury was charged to pay no attention to this remark, but in view of all the other improprieties that took place in the course of the trial, we are unable to say that the evil effect of this remark was cured. The foregoing details constitute merely the high lights in the improprieties that took place at the trial.

Two months after the record was lodged in this Court, application was submitted to permit plaintiff in error to apply for a writ of error *coram nobis* in the trial court. The contents of the application do not warrant the granting of the application, but it is not out of place to say that it is predicated on affidavits of the prosecutrix repudiating everything she swore to at the trial.

This Court has repeatedly said that it was reluctant to reverse the findings of a jury when approved by the trial court, but in the trial of this case, so much transpired that was out of harmony with proper procedure and so inconsistent with processes of normal human beings that we are impelled to the conclusion that justice demands a new trial.

Christie v. State, 97 Fla. 985, 122 So. 528; Smith v. State, 101 Fla. 1066, 132 So. 840; Troop, *et al.*, v. State, 98 Fla. 385, 123 So. 811.

The application for leave to apply for writ of *coram nobis* is denied, the case is reversed and a new trial awarded.

Reversed.

WHITFIELD, BROWN, BUFORD and CHAPMAN, J. J., concur.

THOMAS, J., not participating.