GAMWELL CLARK ROGERS v. STATE OF FLORIDA

5 So. (2nd) 689
En Banc
Opinion Filed December 2, 1941
Rehearing Denied February 5, 1942

*Fuller Warren,* for Appellant;

*J. Tom Watson,* Attorney General, *Joseph E. Gillen,* Assistant Attorney General, and *Woodrow M. Melvin,* Special Assistant Attorney General, for Appellee.

PER CURIAM.—Appellant was indicted for rape and was convicted of assault with intent to rape. His brief is pregnant with reasons why he should be relieved of the judgment imposed on him but the record is barren of proofs to support them. He contends that the evidence against him is unreasonable and insufficient but a jury of good and true countrymen did not agree with him. Neither do we. The question of the credibility of evidence is fruit out of season at the bar of this court.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN and THOMAS, J. J., concur.

BUFORD, J., dissenting—From a consideration of the entire record the necessary conclusion appears to be that justice demands a reversal of the judgment "because the evidence upon which the State relied for conviction is so unreasonable, contradictory, unsubstantial and unsatisfactory as to have left the jury to grope in the realm of guess work and speculation to return a verdict against the defendant. Therefore, the judgment should be reversed. See Smith v. State, 101 Fla. 1066, 132 Sou. 840, and cases there cited.

Instead of case presenting fruit out of season at the bar of this Court, it appears to have been a case where green fruit, and not much of that, was presented for the approval of the jury.

There was hardly room for any doubt that the defendant had sexual intercourse with the prosecutrix, but the jury was unwilling to convict him of rape.

The evidence shows misconduct of the defendant but it falls short of establishing the crime charged.

So the judgment should be reversed.