## WILLIAM F. LITTLE v. STATE OF FLORIDA

21 So. (2nd) 902                                    January Term, 1945
May 1, 1945                                              Division A

*T. H. Getzen, J. D. Geiger* and *J. Lewis Hall,* for appellant.

*J. Tom Watson,* Attorney General, and *John C. Wynn,* Assistant Attorney General, for appellee.

BUFORD, J.:

A careful study of the record in this case reveals that the proof of a material allegation in the information is so unsatisfactory and uncertain as to cause the ends of justice to require that the judgment be reversed with directions for a new trial, on authority of State v. Smith, 101 Fla. 1066, 132 So. 840 and cases there cited.

It is so ordered.

BROWN, THOMAS and SEBRING, JJ., concur.

CHAPMAN, C. J., TERRELL and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

William F. Little was informed against for having unlawful carnal intercourse with an unmarried female under eighteen years of age and of previous chaste character. A plea of not guilty was entered. The jury found a verdict of guilty with a recommendation to mercy. Motion for a new trial was denied and a sentence of eighteen months in prison was pronounced.

All questions presented on this appeal rest upon the assignment of error on the denial of the motion for a new trial.

Appellant sought a new trial because of newly discovered evidence namely, that the general reputation of the prosecutrix for chastity in the community was bad. It is enough to say that the trial court was correct in this ruling because evidence on this motion was taken and it appeared that he knew, or should have known, of this testimony as early as the preliminary hearing. It is not necessary for us to discuss any other possible shortcomings of the motion on that contention.

It is claimed that appellant was injured by improper, inflammatory and prejudicial remarks to the jury by the state attorney. The alleged remarks are not in the record and it is necessary for us to pass upon appellant's motion filed in this Court to supplement the record in that regard.

Appellant's motion for a new trial was overruled and sentence was pronounced on October 19, 1944. On December 4, following, affidavits of three persons were presented to the trial judge; the substance of which was that during the argument of the state attorney and the assistant state attorney certain inflammatory and improper remarks were made to the jury. The trial judge declined to allow the record to show the substance of the alleged remarks. The order recites:

"I certify that I have no independent recollection of such argument as set forth in said affidavits and no exceptions were taken at the trial. The official court reporter was present during the entire trial and did not take the argument of either side and was not so requested by counsel for the

State or the defendant. Counsel for the defendant state that this 4th day of December is the last day they have for preparing and filing grounds of appeal and that the matter cannot be delayed. Counsel for the State state to the Court that they have no independent recollection of such argument and have not time in which to prepare an answer to said affidavits. I further certify that the said motion was presented to the Court on the 2nd day of December and a ruling withheld on said motion until today at the request of the Assistant State Attorney, said motion having been presented at that time without notice to the State Attorney except at the actual time of application. I further certify that I declined, at the request of the State Attorney, to permit said motion to be filed at that time, December 2nd, 1944, and I do now hold that said motion comes too late and decline to permit the filing of said motion as a part of the record of this case; however, the counsel for the defendant may physically present said motion to the clerk for his file mark."

We are bound by the record made by the lower court; we will not be the arbitrator between the trial judge and third parties as to what transpired at the trial. When a dispute arises as to what happened at the trial, we are bound by the trial court's statement in the record. 24 C.J.S., Sec. 1775. The trial court was of the opinion that appellant had not exercised due diligence. In this holding, we find no abuse of discretion. Furthermore, the trial court refused to make the addition to the record because the court could not certify to the truth of the contention. If the trial court could not, surely we can not. In the absence of fraud the record certified here is conclusively presumed correct. See Sec. 1775, supra. It, therefore, follows that appellant must fail on this question.

The next question relates to rulings on the admissibility of testimony. The prosecutrix testified that she became pregnant from the first and only act of sexual intercourse with appellant, and subsequently gave birth to a child. Appellant objected to the evidence that no contraceptive was used; that she became pregnant and subsequently gave birth to a child. Appellant relies upon our opinion in Bynum v. State, 76 Fla. 618, 80 So. 572.

We are now called upon to re-examine that opinion. On first reading, it would seem that we are compelled to reverse this conviction if we still adhere to it. A closer study of the case reveals that the Bynum case was reversed because the state proved the prosecutrix to be a person of previous unchaste character, thus forever precluding the possibility of a subsequent conviction of the offense charged. It will further appear that the opinion condemned the evidence offered because it related to the ill health of the prosecutrix resulting from giving birth to a dead baby; that she was senseless for three days and could not walk for five weeks. The court concluded that this character of testimony naturally tended to excite the sympathy of the jury against the accused. Finally, it appears that the court actually did not pass upon the point, for we quote:

"As the evidence of the birth of a child was not objected to, we do not pass on its admissibility under the facts in this case."

In the case at bar, we have no factual case to correspond to the Bynum case. In fact, the testimony here was not objected to upon the ground that it would prejudice the jury against the accused. The objection rested solely upon the ground of relevancy and materiality. This suggests whether the error, if any, is reversible. The factual case here was not of such an aggravated nature as to convince us that the contended error was reversible. The plea of not guilty shifted the burden on the state to prove every material element of the crime. Notwithstanding that we may look to the focal point in the testimony to ascertain whether the error is harmful. In this case, the accused did not testify. He offered testimony in his defense, but that testimony was limited to the contention that prosecutrix was not of previous chaste character. It is a close question whether the Bynum case would compel a reversal of this judgment, nevertheless we are of the view that the opinion in the Bynum case should be modified in order to allow evidence of a circumstantial nature, bearing upon any essential element of the crime, to be introduced. It is a general rule as old as criminal jurisprudence that evidence of a circumstantial nature is admissible to

prove any element of the crime. There is no reason why the rule should apply in a modified form to this class of cases. Pregnancy and child birth are strong circumstances of sexual intercourse. In this class of cases, the rule is that the prosecutrix may testify to pregnancy and the subsequent birth of a child. Underhill's Criminal Evidence, 4 Ed., Sec. 671; State v. Walke, 69 Kan. 183, 76 Pac. 408; Druin v. Commonwealth, (Ct. of Appeals, Ky.) 124 S. W. 856; In re Wilcox, 27 R. I. 117, 60 Atl. 838; Kynock v. State, 103 Tex. 112, 280 S. W. 222; State v. Hanna, 81 Utah 583, 21 Pac. 2nd 537; State v. Miller, 71 Kan. 200, 6 Ann. Cas. 58; People v. Findley, 286 Ill. 368, 121 N. E. 608.

The Supreme Court of Alabama has held that the birth of a child to the prosecutrix is relevant and material to prove the corpus delicti. Davis v. State, 20 Ala. App. 463, 103 So. 73.