## LACY STEWART v. STATE OF FLORIDA

30 So. (2nd) 489       January Term, 1947
April 22, 1947       En Banc
Petition for Modification and Clarification and Modification Denied June 2, 1947

*Charles R. P. Brown,* for appellant.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Jesse Warren,* Special Assistant Attorney General, for appellee.

SMITH, Associate Justice:

Lacy Stewart was charged by an indictment returned by the grand jury in St. Lucie County, Florida, with the offense of murder in the first degree. He was tried, found guilty without recommendation to mercy and sentenced to death, from which this appeal is taken.

Counsel for appellant argues two grounds only. One is with reference to the admission of an alleged confession and the other relates to the fact that one of the jurors appears to have been under prosecution for the crime of assault and battery at the time he served.

We deem it unnecessary to discuss or decide either of these questions, as, upon examination of this record, we find the case must be reversed on the insufficiency of the evidence, which it is our duty to consider under Sec. 2, Fla. Stats. 1941, Sec. 924.32.

Briefly stated, the fatal error lies in the fact that there is in this record no substantial evidence which would authorize the jury in finding that Erich Spiller, who it is alleged in the indictment was murdered by the defendant, was the same person referred to in his (defendant's) confession as having been shot by the defendant. If it be conceded that Erich Spiller was murdered, the proof wholly fails to identify the appellant as the guilty agent. An examination of the record discloses that the only proof which in any wise connects the defendant with the shooting of Spiller is as follows:

A witness, Floyd, testified: "I know Erich Spiller . . . I saw him on or about the 29th of October this year, at night, at what they call the 'White City road' that runs east and west and crosses No. 4 Highway down at the White City crossing . . . I saw him five hundred feet east of the highway and about one hundred feet south of the White City road, near someone's house. He was shot or had been wounded, was very weak; he was wounded in the right arm . . . knocked part of his jaw off . . . made by a firearm, by a bullet. I had stopped and talked to the man at his place of business. It is about seven hundred feet south of the White City road and about one hundred feet west of the Federal highway south of Fort Pierce, Florida. I went to Spiller's place later that night. There was blood on the floor, on the refrigerator, the beer box, a bullet hole through the plaster, a bullet where the bullet hit the concrete wall and fell down. I went to the building where Spiller's business was about the time the Sheriff got there. Spiller's place of business was called 'Sleepy Hollow Chili Bowl.' Spiller was brought to a hospital . . . he died. I saw Dr. Whiddon giving him blood plasma."

The written confession of the appellant was introduced and, with reference to the subject of inquiry, it shows only: "On Monday, October 28, 1946, about 12:00 o'clock, I was inside State Road Camp between White City and Fort Pierce and went over the fence. I spent that night in the woods next to that curb market *fruit stand* side of the highway. I went in the fruit stand, got jelly, hunting coat, pair of boots. Next morning I went into a shack in an orange grove down there by the highway. I got a rifle in there, two cartridges

in the rifle. I got three more and about eighty some dollars. After I got the rifle I laid down in the grove until night. That night I came back of *that joint*. I saw there was no one in there but *that man*. He was writing, counting his money. That was around 10:00 o'clock the night of October 29, 1946. I throwed up and shot through the window into the building. The man fell behind the counter. I heard *that man* come out hollering. I broke and run down there by that fruit stand and went on down there and put the rifle, coat and shells down under some planks. When I came up by *that joint* where I shot the man saw nobody there but him. The reason I didn't go in and get the money the man was hollering for help. That rifle and them old shoes that the Sheriff there has is the rifle I shot the man with and the shoes I was wearing when I shot the man. That is the shoes I was wearing, that is the hunting coat and shells I got out of that *fruit stand*. I got a pair of pants out of the fruit stand. I throwed the old clothes I took off down side of a building, kinda under it, when I changed clothes. After I got to Lakeland I bought these clothes."

B. A. Brown, Sheriff of St. Lucie County, testified that the night Mr. Spiller was shot he picked up a bullet off the floor of Mr. Spiller's house. The Sheriff identified a rifle, a hat, a pair of shoes, as the rifle, the hat and the pair of shoes which were in his office at the time of the confession and referred to by the appellant in his confession as the rifle he shot "that man" with and the hat and shoes worn by him at the time, but there is not one word of evidence further that shows or attempts to show how, when or where these three articles came into the hands of the sheriff, if they did.

Dr. Whiddon testified that on the 29th of October he saw Erich Spiller at the hospital. "He, Spiller, had a punctured wound outside of his right shoulder. There was a hole through his under jaw in his throat. Spiller died as a result of the wound."

In the case of Smith v. State, 80 Fla. 710, 86 So. 640, this Court, in reversing a homicide case, stated:

"The deceased is referred to in the evidence as a 'little girl'. and, while it is probable that the 'little girl' referred to

as having been killed was the person alleged in the information to have been killed, an appellate court cannot, in the absence of any proof at all to that effect, infer that such was the case."

In the case of Gavin v. State, 42 Fla. 553, 29 So. 405, this Court said:

"When to support a conviction of guilt certain facts are essential, then a reasonable doubt as to either of these facts should produce the defendant's acquittal."

Again, in the case of Gustine v. State, 86 Fla. 24, 97 So. 207, this Court held:

"If the facts and proof are equally consistent with some other rational conclusion than that of guilt, or, if the evidence leaves it indifferent which of several hypotheses is true, or merely established some finite probability in favor of one hypothesis rather than another, such evidence cannot amount to proof, however great the probability may be."

In Armstrong v. State, 107 Fla. 494, 145 So. 212, this Court held:

This court is committed to the doctrine that a verdict of guilt of felony should not be upheld when based on guesswork or suspicion, and that, where the evidence, considered as a whole, entirely fails to disclose any substantial proof of material facts necessary to be alleged and proved, a judgment of conviction will be reversed."

The Illinois court in the case of People v. Holtz, 294 Ills. 143, 128 N.E. 341, held:

"Mere proof that defendant had an opportunity to commit the homicide, without proof excluding an opportunity by anyone else to commit it, is not sufficient."

The point here in question, whether or not the accused is the "guilty agent," may be established by circumstantial evidence. Houston v. State, 50 Fla. 90, 39 So. 468. But, where circumstantial evidence is relied upon, it must first meet the requirements of that type of proof.

The only circumstance in this case tending in any degree to identify the appellant as having shot Spiller is that appellant admits that he shot "that man" on the night of October 29, 1946, at "that joint." On the same night Spiller

was found by a patrolman some fourteen hundred feet (by the road) away from his place of business, badly wounded, of which wounds he subsequently died. There is absolutely no identification of the man the appellant shot as the man the patrolman found. The confession shows that the confessor was in and around three different buildings by the road, "a shack," "the fruit stand," "that point," sometime after he escaped from State Road Camp between White City and Fort Pierce.

The proof submitted is so meager that it leaves to conjecture much that must be proven beyond a reasonable doubt. For instance, the proofs taken as a whole are entirely consistent with the theory that someone other than appellant shot Spiller. "That joint" where the confession shows the appellant shot "someone" is not shown to be Spiller's place of business. It is not even shown that the place referred to as "that joint" is in St. Lucie County; indeed, it is not shown except by inference that Spiller was either shot or died in St. Lucie County. Certain it is that the proofs here presented are insufficient to identify the appellant as the guilty agent as to the homicide proven, if one was proven.

The judgment will be reversed and the case remanded.

Reversed.

THOMAS, C. J., TERRELL and CHAPMAN, JJ., concur.

BUFORD, ADAMS and BARNS, JJ., dissent.