ROBERTS, Justice.
The appellant was tried and convicted on a charge of being “connected with and interested in” a lottery, as denounced by Section 849.09, Florida Statutes, F.S.A., and has appealed from the judgment of conviction.
The attacks here made by the appellant against the information filed against him cannot be sustained, but we think the judgment must be reversed on the ground of insufficiency of the evidence to support a conviction of the charge against him.
The evidence adduced by the State is, in substance, as follows: Officer Bradley testified that while he was in the home of one Edwards, who was found to be in possession of live lottery tickets and money, the appellant called on the telephone and spoke to Edwards; that the appellant then asked to speak to Bradley to inquire as to what Bradley was going to do with Edwards; upon being advised by Bradley that he was “going to put him in jail,” the appellant asked when he could get him out; that Edwards was taken to the jail by Bradley and booked for investigation of a lottery. Subsequent developments, in Bradley’s own words, are as follows:
“Well, when I arrived at the jail, why we put them on detention or was putting them on detention, Nick Scag-lione come in the door there and he started hopping all over me about arresting his men. I said, ‘What did you say Nick?’ I says, ‘Well, now, what did you say?’ And he wouldn’t repeat it the second time and he kept saying that I was picking on him, picking on his men. I said, ‘Nick, I am not picking on your men any more than I am anybody else’s and if you say that again, I am going to put you in jail.’ And he kept on getting hot, so I put him in there until he cooled off.”
Officer Dixon testified that “Mr. Scag-lione made the statement to Mr. Bradley, that he was, asked him why he was picking on him.”
 It is the contention of the State that the italicized portion of the above-quoted testimony of Officers Bradley and Dixon is a direct and positive admission that the appellant was interested in and connected with the lottery, evidence of which was found in the possession of Edwards at the time of his arrest. We cannot agree. Clearly, there are other reasonable inferences which may be drawn from such testimony; and it is well settled that “it takes something more than proof of suspicious circumstances to sustain a conviction for crime.” Lombardo v. State, Fla., 55 So.2d 914. We think that a verdict based on such’ evidence can only be the product of guesswork and speculation on the part of the jury, and we have many times held that judgments based on such verdicts must be reversed by this court. McFeeters v. State, 96 Fla. 660, 118 So. 919; Smith v. State, 101 Fla. 1066, 132 So. 840; Armstrong v. State, 107 Fla. 494, 145 So. 212.
*418 Accordingly, the judgment appealed from should be and it is hereby reversed and the cause remanded for a new trial. Reversed and remanded.
SEBRING, C. J., TERRELL, J., and ■ WHITE, Associate Justice, concur.