PEARSON, Judge.
Joseph V. Silvestri, the defendant, appeals from a judgment of guilty and sentence thereon upon information charging him with misapplication of funds constituting embezzlement, pursuant to § 84.07, Fla.Stat., F.S.A. We hold that the evidence fails to establish an essential element of the crime and reverse.
The crime defined in the statute while similar to embezzlement actually depends upon elements different from those constituting the crime of embezzlement as defined in Chapter 812, Fla.Stat., F.S.A. An analysis of the statute, the violation of which is charged here, reveals that the defendant must: 1) be an architect, landscape architect, engineer, contractor, subcontractor or other person (holding funds under similar duty to apply the same), 2) who, with intent to defraud, 3) shall use the proceeds of any payment made to him on account of improving certain real property, for any other purpose than to pay for labor or services performed or materials furnished by his order for this specific improvement, 4) while any amount for which he may be or become liable for such labor, services or materials remains unpaid.
The evidence in the record is insufficient to sustain the court’s conclusion that the defendant, as the secretary and treasurer of a corporation, had access to funds' of the nature protected by the statute. It falls short of proving that this corporate officer participated in any misapplication of the funds with an intent to defraud. The position of the State is that it was proved at the trial that the corporation, of which the defendant was an officer, together with the chief executive officer thereof, who was not the defendant, as a contractor with the intent to defraud misused the funds as defined by the statute. It is thereupon argued that the defendant was linked to the criminal activity by his participation with the principal offender which made him criminally liable as a statutory principal under § 776.011, Fla.Stat., F.S.A. The evidence relied upon to establish this link is the testimony of one of the complaining witnesses which is to the effect that the defendant endorsed one of the checks given in payment upon the contract. The application of the proceeds of this check was not proved nor was the amount involved established.
It is further urged that the defendant became liable as a principal because he was a corporate officer and because he participated in creditors’ meetings after the alleged embezzlement, presumably with an intent to cover up the crime. The defendant’s participation in the two meetings described is as susceptible to the inference that he was attempting to obtain the repayment of the misapplied funds or their proper application, as it is susceptible to the inference that the meetings were for the purpose of covering up the misapplication.
Standing alone, the endorsement of a check, which was not shown to be part of the funds misapplied, and the participation in the two meetings described, are *504 not sufficient to prove this essential element of the crime described as to this corporate officer, inasmuch as the inference from his actions is susceptible to a reasonable' interpretation other than his guilty participation in the crime. Stewart v. State, 158 Fla. 753, 30 So.2d 489; Gustine v. State, 86 Fla. 24, 97 So. 207.
Reversed.
HORTON, C. J., and ODOM, ARCHIE M., Associate Judge, concur.