HENDRY, Judge.
The defendant appeals from his conviction by the Criminal Court of Record for Dade County, sitting without a jury, of the crime of Embezzlement by Contractor by virtue of violation of § 84.07 (3) ,[1] Fla.Stat., F.S.A.
*420 The defendant, as a general contractor, entered into a written agreement with the complaining witness whereby the defendant agreed to construct a kitchen for the complaining witness at the agreed upon price of $2,645. Thereafter, the parties orally agreed that the defendant would construct a porch on the same premises. There is a factual dispute as to the price, the defendant claiming it -was $600 and the complaining witness $350. In any event, tlie record is clear that neither amount was fully paid. The record indicates that the defendant was paid $2,830.50. The record further indicates that of this sum the defendant paid $2,645 to his various suppliers, laborers and materialmen. There was also testimony that as of the date of trial the defendant owed $500 for the kitchen cabinets which he had installed in the complaining witness’ house.
 It .is appellant’s contention, with which we agree, that the prosecution failed to sustain its burden of proving a crime, in that, it failed to introduce evidence in regard to an essential clement of the crime, the intention of the defendant to defraud.
At the 1963 session of the Legislature the statute in question was amended and the following language was added:
“[P]rovided, however, that failure to pay for such labor, services or materials furnished for this specific improvement after receipt of such proceeds shall constitute prima facie evidence of intent to defraud.”
The reason for the addition of this language is to lighten the state’s burden, via a presumption, in regard to one of the legislative-recognized elements of the crime. It necessarily follows that this defendant being prosecuted under the statute without that presumption, required the state to supply by evidence the proof of intent to defraud. Proof of an unpaid creditor[2] is not sufficient to sustain this burden.
Accordingly the judgment of conviction is reversed.
Reversed.

. This section has subsequently been amended, and is now § 84.341, Fla.Stats., F.S.A.

. Silvestri v. State, Fla.App.1960, 122 So.2d 502.