LILES, Judge.
A direct information was filed charging that the appellant did “feloniously and unlawfully receive and conceal certain property,” described therein as “merchandise consisting of radios, televisions, tape recorders and a tuner, of the goods, chattels and property of Paul S. Segars doing business as Paul Segars Radio & TV.” It was further alleged that the property was known by the accused to be stolen. The offense and the penalty therefor are set out in Section 811.16, Florida Statutes, F. S.A. Upon trial and at the conclusion of the testimony on behalf of the State, counsel for the defense made a motion to enter a judgment of acquittal on the ground that the State failed to prove the offense charged against the defendant. The motion was denied, and the jury later returned a verdict of guilty as charged.
The appellant contends in this appeal that the court erred in denying his motion to enter a judgment of acquittal. He bases this contention on the grounds of insufficiency of evidence to prove that the property in the defendant’s vehicle at the time of his arrest was identical to that stolen from Paul Segars’ Radio & TV. For the reasons set forth below, we are of the opinion that appellant’s argument has merit.
Examination of the record shows that Paul Segars, the first witness for the prosecution, identified the items referred to in the information and subsequently introduced into evidence as being the same as certain items missing from his store. Ronald E. Mills of the St. Petersburg Police Department, the arresting officer, testified that after stopping the defendant and then hearing on the radio that Segars’ Radio & TV had been broken into:
“At this time I walked up to the truck, about a foot away, at which time I looked into the back bed of the truck and several TV’s were sticking out from under a light bedspread and one still had a price tag on it, the little TV. I arrested the defendant for breaking and entering and advised him of his rights, at which time he said nothing.”
Later, Officer Mills identified State’s Exhibit No. 4, a picture of the back of the pickup truck driven by the defendant, which contained two television sets, several radios and recorders and a tuner, as being an accurate portrayal of what he saw in the back of the truck on the morning he arrested defendant. However, Mr. Segars never testified in turn that the items depicted in the photographs were the same as those missing from his store. It has not been brought to this court’s attention why Officer Mills was not asked to identify State’s Exhibits in Evidence Nos. 1-3, which consist of those items missing from Segars’ Radio & TV, as the same as the *442 items he found in defendant’s truck at the time of his arrest.
Thus there was no testimony by Officer Mills or anyone else to the effect that the items identified by Mr. Segars as missing from his store were the same as those found in defendant’s truck on the morning of his arrest. The only proper evidence linking the goods found in the truck with those identified by Mr. Segars as those missing from his store is the photograph, State’s Exhibit No. 4.
There can be no quarrel with the proposition that the State must adduce evidence establishing as a fact that the defendant at some time had in his possession or control, or at any time aided in the concealment of, any one of the articles named in the information. Brazier v. State, 1928, 95 Fla. 896, 116 So. 858. Thus the question for this court is whether the photograph, State’s Exhibit No. 4, constitutes substantial competent evidence sufficient for the jury to conclude that the items in the defendant’s' truck were the same as those missing from Mr. Segars’ store.
 The applicable law in this matter is well stated in Armstrong v. State, 1932, 107 Fla. 494, 496, 145 So. 212, 213:
“This court is committed to the doctrine that a verdict of guilt of felony should not be upheld when based on guesswork or suspicion, and that, where the evidence, considered as a whole, entirely fails to disclose any substantial proof of material facts necessary to be alleged • and proved, a judgment of conviction will be reversed. (Citations omitted.)”
See also Stewart v. State, 1947, 158 Fla. 753, 30 So.2d 489. Considering the photograph in light of this statement, we feel compelled to hold that a conclusion as to the identity of the items in defendant’s truck and those missing from Mr. Segars’ store would have to be based upon guesswork and suspicion. This single photograph necessarily considers the televisions and the other objects from some distance and from only one angle; and from this viewpoint one could not reasonably make a sufficient comparison.
The judgment is therefore reversed and remanded for a new trial consistent with this opinion.
HOBSON, C. J., concurs.
McNULTY, J., dissents.