McCORD, Judge.
This is an appeal from appellant’s conviction of receiving stolen property and his sentence thereon. Among other points urged by appellant for reversal was his contention that the state did not prove that the subject matter of the case, the stolen air conditioning system, was the system found in appellant’s possession. This point has merit and requires reversal. The only evidence presented as to such identification was a hearsay statement of a conclusion by a deputy sheriff to the effect that through their investigation they had identified the units found in appellant’s truck as the stolen units. He did not say how or by what means they were identified or that he made the identification. The testimony shows that one of the stolen units had a serial number on it, but there was no testimony that any unit found in appellant’s truck bore that serial number. In sum there was an absence of proof to connect any of the stolen units with the units found in appellant’s truck.
As stated by the District Court of Appeal, Second District in Smith v. State, Fla.App., 228 So.2d 440 (1969):
“The applicable law in this matter is well stated in Armstrong v. State, 1932, 107 Fla. 494, 496, 145 So. 212, 213:
‘This court is committed to the doctrine that a verdict of guilt of felony should not be upheld when based on guesswork or suspicion, and that, where the evidence, considered as a whole, entirely fails to disclose any substantial proof of material facts necessary to be alleged and proved, a judgment of conviction will be reversed. (Citations omitted.)’ ”
Reversed and remanded for a new trial.
RAWLS, Acting C. J., and SMITH, SAMUEL S., Associate Judge, concur.