DOYLE HALL, *Plaintiff in Error,* v. THE STATE OF FLORIDA,
*Defendant in Error.*

En Banc.

Opinion Filed December 4, 1925.

1. An indictment should not be quashed if it charges the offense
substantially in the language of the statute or in language of
equivalent import. Sections 6063 and 6064, of the Revised
General Statutes of 1920; Akin v. State, 86 Fla. 564, 98 So.
Rep. 609.

2. When circumstantial evidence is relied on for conviction the
circumstances when taken together must be of a conclusive
nature and tendency, leading on the whole to a reasonable
and moral certainty that the accused and no one else com-
mitted the offense charged. It is not sufficient that the facts
create a strong probability of and be consistent with guilt.
They must be inconsistent with innocence.

A Writ of Error to the Circuit Court for Lee County;
George W. Whitehurst, Judge.

Reversed.

*W. D. Bell* and *E. M. Magaha,* Attorneys for Plaintiff in
Error;

*Buford* and *McIntosh,* Attorneys for Defendant in Error.

TERRELL, J.—Doyle Hall was convicted in the Circuit
Court of Lee County for unlawfully and feloniously setting
fire to and burning a building, the property of Sam Wil-
liams, with intent to injure and defraud Rhode Island In-
surance Company, a corporation, said buildings at the time
being insured in said company. A motion to quash the
indictment and for a new trial were appropriately made.

Both these motions were denied and writ of error was taken from this court.

The first assignment of error is based on the denial of the motion to quash the indictment.

An indictment should not be quashed if it charges the offense substantially in the language of the statute or in language of equivalent import. Secs. 6063 and 6064, Rev. Gen. Stats. 1920; Akin v. State, 86 Fla. 564, 98 South. Rep. 609, and cases there cited. It cannot be said that the indictment in this case is so vague, inconsistent and indefinite as to mislead the accused and embarrass him in the preparation of his defense or expose him after conviction or acquittal to substantial danger of a new prosecution for the same offense.

The next and only additional assignment of error necessary to be discussed here is grounded on the refusal of the trial court to set aside the verdict and grant a new trial.

The evidence in this case was entirely circumstantial and under the statute (5111 Rev. Gen. Stats. 1920) the burden was on the State to prove that Doyle Hall did unlawfully and feloniously burn a building belonging to Sam Williams with intent to injure Rhode Island Insurance Company and that at the time of the burning said building was insured against loss by fire in said Rhode Island Insurance Company.

The rule seems to be that when circumstantial evidence is relied on for conviction the circumstances when taken together must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient that the facts create a strong probability of and be consistent with guilt. They must be inconsistent with innocence. Whetson v. State, 31 Fla. 240, 12 South. Rep. 661; Kennedy v. State, 31 Fla. 428, 12 South. Rep. 858; Gantling v. State, 40 Fla. 237, 23 South. Rep. 857;

Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Pate v. State, 72 Fla. 97, 72 South. Rep. 517; 1 Whar. Cr. Ev. (3rd ed.) 22; Underhill's Cr. Ev. (3rd ed.) 16.

We have examined the evidence carefully and it is conclusive as to the burning of a building belonging to Sam Williams, but it does not lead to a reasonable or moral certainty or even to a strong probability that said building was burned by the defendant. There is further no evidence to show that the burning was done with intent to injure the Rhode Island Insurance Company, nor is it conclusively shown that said building at the time of the burning was insured against loss by fire in said company.

For these reasons the judgment below is reversed and a new trial is awarded.

WHITFIELD, ELLIS, STRUM AND BROWN, J. J., concur.