Mrs. Willie Smith, *Plaintiff in Error*, vs. The State of Florida, *Defendant in Error*.

En Banc.

Opinion filed April 13, 1931.

*Miles W. Lewis* and *William A. Hallowes, Jr.*, for Plaintiff in Error;

*Fred H. Davis*, Attorney General, and *Roy Campbell*, Assistant, for Defendant in Error.

Terrell, J.—Plaintiff in error and her brother, Ray Wynn, were tried and convicted for the murder of Curtis Smith, the husband of the plaintiff in error, the verdict being for murder in the first degree with recommendation to mercy. The evidence is entirely circumstantial and. the judgment as to Wynn is not here for review. The sole question pressed for our determination is whether or not the evidence supports the verdict as to the plaintiff in error.

When circumstantial evidence is relied on for conviction the circumstances, when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense charged. It is not sufficient

that the facts create a strong probability of and be consistent with guilt. They must be inconsistent with innocence. Hall vs. State, 90 Fla. 719, 107 So. 246, and cases cited.

The evidence in this case in no respect meets the requirement of the rule as thus enumerated. It is not conclusive, does not lead to a reasonable and moral certainty that plaintiff in error committed the offense charged against her, is inconsistent with guilt and is perfectly consistent with innocence. Taken in its most unfavorable aspect it supports nothing stronger than a bare suspicion of guilt.

The judgment below is accordingly reversed and a new trial awarded.

Reversed.

BUFORD, C.J., AND WHITFIELD, ELLIS AND BROWN, J.J., concur.

DAVIS, J., disqualified.