..J. D. HOWELL v. STATE.

187 So. 163.
Opinion Filed January 24, 1939.
Rehearing Denied, March 3, 1939.

*Hugh L. McArthur, Alex Akerman, Jr., Bussey, Mann & Barton* and *Cook & Harris,* and *Whitfield & Whitfield,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for the State.

CHAPMAN, J.,—This case is here on writ of error to review a final judgment and sentence to the State Prison made and entered in the Criminal Court of Record of Hillsborough County, Florida. The information upon which plaintiff in error, hereinafter referred to as the defendant, was tried consisted of two counts: the first charged the defendant with the crime of manslaughter because he killed Juanita Lucas while driving his automobile in an intoxicated condition; second, that the defendant committed the crime of manslaughter by killing Juanita Lucas while driving his

automobile in a grossly careless and cupably negligent manner. The verdict of the jury found the defendant guilty under each count of the information.

On November 6, 1937, counsel for defendant filed a motion to quash each count of the information which contained some fourteen separate and distinct grounds. The lower court held each count of the information sufficient to withstand the attacks made thereon and this adverse ruling is assigned and argued as error in this Court. Informations containing the same material allegations as the two counts in the information now before the Court have been sustained. See Whitman v. State, 97 Fla. 988, 122 So. 567; Diehl v. State, 117 Fla. 816, 158 So. 504.

On November 8, 1937, defendant's counsel filed a plea in abatement, the material portions being, viz.:

"1. That said information was not filed by the County Solicitor of Hillsborough County, State of Florida, under oath as required by law, for that the said County Solicitor did not personally appear before any person qualified to administer oaths and swear that the allegations as set forth in the said information are based upon facts that have been sworn to as true and which, if true, would constitute the offense in the said information charged.

"2. That the said information and the alleged amendment thereto was not resworn to or refiled as is required by law.

"3. That the County Solicitor of Hillsborough County, State of Florida, did not have before him sworn testimony taken before him upon which to base said information filed."

The State directed a demurrer to the plea in abatement and the lower court entered an order sustaining the same, but at a later date revoking the former order and entered

an order overruling the demurrer and this adverse order is assigned as error as it is contended that the defendant was entitled to a jury trial on the issues tendered by the plea and replication thereto. The order of the court is, viz.:

"And the court, after hearing argument on same entered the following order:

" 'Overruled this Nov. 8, 1937. JOHN R. HIMES, Judge.'

" 'The foregoing demurrer is now sustained in view of statement by counsel for defendant that the 3rd paragraph of the plea in abatement means only that no sworn testimony was taken prior to the time the original information was filed on August 4, 1937, and defendant does not contend that such testimony was not taken prior to November 5, 1937.' " (On which latter date the information was resworn to and re-filed.)

We fail to find merit in this assignment.

The transcript shows that Counsel for the defendant filed a motion for bill of particulars. It was not supported by an affidavit or affidavits but pointed out certain allegations in the information upon which the defendant should be informed against by way of supplemental information to be supplied by the Solicitor under an order of the trial court. We do not think the motion for a bill of particulars met the requirements of the law and was so defective that the trial court was justified in denying the same. In the case of Mathis v. State, 45 Fla. 45, 34 So. 287, this Court considered and fully settled the law on this subject and in doing so in part said:

"From our investigation of these authorities we have reached the following conclusions, which we believe to be supported by reason as well as the weight of authority: The proper time to interpose a motion for a bill of particulars is before pleading to the merits; that in certain

classes of cases, such as are set forth in the foregoing authorities, where the counts or charges in an indictment or information are so general in their nature that they do not fully advise the accused of the crime with which he is charged so that he could properly prepare his defense, upon a proper showing being made to the trial court by the defendant in a motion, verified by affidavit, the court has the power to order the furnishing of a bill of particulars by the prosecution and should do so; such an application or motion, however, is not founded upon a legal right, but is a matter resting within the sound judicial discretion of the court, depending entirely upon the nature and circumstances of each particular case as they appear to the court before whom the trial is had, and the refusal of the trial judge to grant said motion will not be disturbed or reversed by an appellate court, unless there was an abuse of such discretion; such motion should particularly set forth the portions of the indictment or information which the defendant claims to require amplification by bill of particulars and point out to the court wherein he desires a fuller statement of the facts. We will add that under the system of criminal pleading prevailing in this State, the forms of indictments and informations generally used, we can conceive of but few criminal cases wherein it would be necessary to order a bill of particulars."

See Crawford v. State, 98 Fla. 152, 123 So. 567.

The record shows that the defendant was taken into custody by the police officer of the City of Tampa at the scene of the *locus in quo* and carried to the police station, where he was locked in a cell, when shortly thereafter some two or three officers and a physician saw him after being taken from the cell, and these parties gave testimony over the objection of counsel for the defendant as to whether the defendant was under the influence of whiskey or was

drunk. They smelled his breath and stated that it possessed an alcoholic odor. The record shows:

"BY THE COURT:

"Q. Repeat that answer, please.

"A. He told me he wanted to see his lawyer before he said anything, and he was very arrogant about it; and before I had a chance to ask him anything. I asked him to come out, and he came out with his hand on the rail; and he admitted being dizzy, and he walked over, and said, 'I am not trying to get out of anything, I will assume the responsibility,' is what he said. Of course I didn't know much about what he meant at the time.

"MR. FEINBERG: Now, comes the defendant and moves the court to strike the testimony with reference to any admission made on the part of this defendant, or testified to as having been made by this defendant. First, because the same is made in the presence of the jury without first having ascertained the admissibility of same; second, because any statement or admission purporting to be made by the defendant, the admissibility of the same should first be ascertained by the court before going to the jury, and the question of going into that has never been ascertained."

It is contended that the acts and doings at the police station constituted a confession. We have considered the entire record controlling the point assigned as error and hold that it is without merit. The physical condition only of the defendant was described by these witnesses and an admission of guilt or confession of the crime charged against the defendant cannot be inferred from the whole occurrence at the police station. See Parrish v. State, 90 Fla. 25, 105 So. 120; Hall v. State, 78 Fla. 420, 83 So. 513, 8 A. L. R. 1234.

When the State's witness Kissinger had been interrogated

during the progress of the trial and when on cross examination by counsel for defendant, the following occurred:

"Q. All of which was right in the presence of the defendant, was it not?

"A. Yes, it was within say eight feet of him.

"Q. A lot of open threats being made?

"A. No.

"Q. Not directly to him, but what people said there would be rather threatening, was it not?

"A. There wasn't any right at that particular spot that I heard; I hear it out in the street.

"Q. Out in the Street?

"A. A little further out, there were four of five men there that made some rather — —

"Q. Do you remember hearing a lady there making charges and getting the crowd worked up practically in the shape of a mob effect?

"A. No, that lady, as I understood, the commotion was down further, down by the bakery; I saw some old lady down there hustling around but I never heard what she said.

"Q. She was rather hustling around and excited?

"A. Yes, she was having a great time.

"Q. From the excitement of that crowd, and from the talking of the crowd, it would have a tendency to frighten some one wouldn't it?

"A. Well, yes. * * *

"Q. You were there when a lady was all excited and hollering about running through the red light?

"A. I was not.

"Q. You didn't hear this lady?

"A. I did not.

"Q. You didn't hear the crowd half-way threatening to do something to the defendant?

"A.  I did not.

"Q.  Didn't you make such threat as that?

"A.  I did not.

"Q.  Are you positive of that too?

"A.  I did not."

When Mr. Williams, County Solicitor, was addressing the jury he used the following language:

"MR. WILLIAMS: * * * I believe that you gentlemen are honest, and believe in law enforcement; I don't believe that you believe in mob law, but gentlemen, it is the failure of the law to do its duty because we have mobs, the reason we have lynching.  You know, gentlemen, evidently that crowd out there must have been in a very bad humor."

It is contended by counsel for defendant that the above proceedings constitute reversible error.  It cannot be questioned that his remarks were based upon the evidence developed on cross examination by counsel for the defendant and was within the record.  We fail to find reversible error in this assignment.  In the case of Johnson v. State, 88 Fla. 461, 102 So. 549, when considering the rule controlling the point in issue, this Court said:

"Considerable latitude is allowed counsel in addressing the jury in so far as their remarks consist of logical deductions from the evidence and the fanciful play of their imagination, but when statements are made by counsel outside the evidence, which are likely to do the accused an injury, it will be deemed an abuse of discretion in the judge if upon proper objections he refuses to interfere and as far as possible nullify the effect of such remarks by proper instructions to the jury.  See Jenkins v. State, 35 Fla. 737, 18 South. Rep. 182; Killins v. State, 28 Fla. 313, 9 South. Rep. 711; Newton v. State, 21 Fla. 53; Clinton v. State, 53 Fla. 98, 43 South. Rep. 312; Bradham v. State, 41 Fla. 541, 26 South. Rep. 730; Wright v. State, 79 Fla. 831, 84 South.

Rep. 919; Washington v. State, 86 Fla. 533, 98 South. Rep. 605."

It is next contended that no causal connection is shown between the violation of the statutes under which the plaintiff in error was informed against, and the inquiry inflicted which cause the death of Juanita Lucas. We hold that this is a question of fact to be established in criminal prosecutions like the one at bar, beyond a reasonable doubt. The Court's charges on the law of the case covered the point in issue when the same was considered by the jury. See Thompson v. State, 108 Fla. 370, 146 So. 201 ; Cannon v. State, 91 Fla. 214, 107 So. 360; 5 Am. Jur. 928, par. 791 ; State v. Whatley, 210 Wis. 157, 245 N. W. 93, 99 A. L. R. 749, and annotation at page 756.

We have examined the record about polling the jury at the time of the return of the verdict and fail to find error in connection therewith. See 16 C. J. 1099, par. 2578.

It is next contended that the judgment entered in the lower court is fatally defective in that the defendant is required to serve three additional years in the State Prison for the nonpayment of the costs of the prosecution of the case at bar in the lower court. The material portions of the judgment is, viz :

"It is the judgment of the Court and the sentence of the law on the first count of the original information, and also on the amended second count that you be imprisoned in the State prison at Raiford for a term of twelve (12) years; and that you pay the costs of prosecution; and that in default thereof you serve an additional term of three (3) years in the State Prison. The sentence hereby imposed on these counts are to run consecutively."

Plaintiff in error was by the jury convicted of the crime of manslaughter and was by the trial court sentenced to the State prison for a period of twelve years. The trial court

under Section 7141 C. G. L. was authorized to sentence the defendant to the State Prison for a period not to exceed twenty years or imprisonment in the county jail not to exceed one year or by a fine not to exceed five thousand dollars. There was no error in this portion of the sentence as error but the lower court was without authority to senence the defendant to serve an additional period of three years in the State Prison for the non payment of the costs of the prosecution of the case in the lower court. It is contended that Sections 8419 and 8420 C. G. L. afford the authority for so doing, but as to this we cannot agree. Section 8419 C. G. L. permits imprisonment in the county jail where a person fails to pay a fine or a fine and costs of prosecution. Section 8420 provides for an additional period of imprisonment in the county jail or State Prison upon default of payment of fine and costs where the sentence imposed was one of "fine and imprisonment." There was no fine assessed as punishment in the case at bar but one of imprisonment only, and Sections 8419 and 8420 *supra* do not control, and that portion of the judgment and sentence requiring the defendant to serve three additional years in the State Prison for default in the payment of the costs of the prosecution in the lower court was error.

It is next contended that the evidence is insufficient to sustain the verdict. The evidence shows that the defendant, around 5 :00 o'clock P. M., August 3, 1937, at the intersection of Albany and Grand Central Avenue, in the City of Tampa, drove a Cadillac automobile at a rate of speed of from 40 to 60 miles per hour at a time when it was the custom of people to be at said place, and disregarded the red signal light which was being observed by other cars, and drove past them on a red signal light when the fender of his car struck the deceased at a time when she was crossing the street on the red signal light, carrying a young baby in

one arm and a bag of groceries in the other. The impact threw the groceries high in the air, the deceased was thrown an approximate distance of 30 feet, and the baby was thrown a considerable distance and instantly killed, and its mother died shortly after being rushed to the hospital. There is sufficient evidence in the record to show that the defendant was not only drunk at the time of the collision but that he negligently and carelessly drove the automobile while intoxicated which struck the deceased, thereby causing her death. There is ample evidence to sustain the verdict.

In the case of Thomson v. State, 78 Fla. 400, 83 So. 291, this Court considered the question of the sufficiency of the evidence to sustain the verdict and in so doing said:

"The verdict of a jury will not be set aside on evidence of facts complicated and contradictory and which require an investigation into the character and credit of witnesses whose testimony it is necessary to compare and weigh; nor will the verdict be set aside as against the weight of the evidence unless it preponderates so strongly against the verdict that the court can not conclude such verdict was the result of a due consideration of the evidence; but a verdict that is clearly against the evidence should be set aside. The evidence in this case considered and held not to sustain the verdict. Armstrong v. State, 30 Fla. 170, 11 South. Rep. 618."

We have considered the entire record, briefs and citations of authorities and all exhibits, inclusive of the automobile fender, and we hold that substantial justice was awarded in the court below. For the error pointed out the judgment is reversed and the cause remanded for a lawful or proper sentence. See Hunter v. State, 64 Fla. 315, 60 So. 786. It is so ordered.

WHITFIELD, P. J., and BROWN, J., concur.

TERRELL, C. J., and BUFORD, J., concur in the opinion and judgment.

THOMAS, J., not participating, as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

PER CURIAM.—On petition for rehearing six grounds are presented for the consideration of this Court, the first ground being that counsel for plaintiff in error did not have sufficient time in which to orally present his case to this Court; that the plaintiff in error is an outstanding citizen, possessing an unblemished character and reputation, and that the opinion entered by this Court did not follow the facts stated in the record. Counsel for plaintiff in error was granted at the bar of this Court more time in which to present his argument than is granted other litigants here. The record shows that several more minutes were granted to plaintiff in error than to the State. Careful consideration was given to all the evidence adduced, exhibits filed in evidence, and briefs of counsel. The character and reputation of plaintiff in error was for the jury to determine and not this Court on appeal.

The second contention is that this Court overlooked and failed to consider the demurrer, plea and replication. This question was carefully considered by this Court in its original opinion and the contention is without merit.

The third contention of counsel as to the alleged confession of the defendant while being treated by a physician at the police station in the City of Tampa was likewise fully considered by this Court. This ground is without merit.

Grounds four, five and six of the petition for rehearing were fully considered in the original opinion.

Petition for rehearing is denied.

594

TERRELL, C. J., and WHITFIELD, BUFORD and CHAPMAN, J. J., concur.

BROWN, J., dissents.

JUSTICE THOMAS not participating as authorized by Section 4687 Compiled General Laws of 1927 and Rule 21-A of the Rules of this Court.