CHARLIE FREE, alias OSCAR FREE, v. STATE.

194 So. 639

Division A

Opinion Filed March 15, 1940

*Thomas D. Beasley,* for Plaintiff in Error;

*George Couper Gibbs,* Attorney General, and *William Fisher, Jr.,* Assistant Attorney General, for Defendant in Error.

BUFORD, J.—Plaintiff in error, known as Charlie Free, and one Elsie Brown were charged by information with the offense of miscegenation in Walton County, Florida, the charge being that, "Charlie Free, alias Oscar Free, being then and there a negro, and then and there being a person with more than one-eighth of negro blood in him, and Elsie Brown, being then and there a white female person, did then and there unlawfully intermarry."

On trial Elsie Brown was acquitted and Charlie Free was found guilty and adjudged to be guilty and sentenced to four years in the State prison.

The sole question presented for our consideration is whether or not the evidence is sufficient to show that Charlie Free "was a negro then and there being a person with more than one-eighth of negro blood in him."

The evidence shows that Charlie Free was born of a white woman; that at the time of his birth she was not living with her husband and had not lived with him for a long time prior to the birth of the child. There is sufficient evidence in the record to create the impression that one Eph Parks, a negro, might have been the father of the child. Charlie Free's mother, Mary Free, testified as a witness in the case. She testified, in part, as follows:

"Charlie Free is my son. My father's name was Hurst, *Luke Hurst*. I stayed with him sometime and looked after his household, kitchen. There was negro there for a little while whose name was Eph. Parks. He didn't help me around the kitchen; he did not help me cook or work around the house. He came there to make a farm. I never had any sexual relationship with Eph. Parks. I never allowed him to become familiar with me at any time. I had two other children, beside Charlie, here, and they were white, light colored. They did not have the same father. This boy's father, the boy who is on trial, was part Greek and Indian. He lived in Florala and ran a little fruit stand and his name was Ed. Stevens. I don't know where he went when he left from there. This boy, Charlie, was born when I was living at my father's. This boy ate at the table at my father's house with the rest of the family, regularly. He slept in the same room with the other members of the family and slept in my room. After he became a young man he stayed at the home until he got a job. He was received in the homes of the white people at Portland all right, I never heard anything to the contrary."

The most adverse testimony in the record is that to the effect that upon one occasion Charlie Free admitted to Judge Brannon that he, Charlie, knew that he, Charlie, was colored, but the defendant Free in rebuttal testified that Brannon told him, Free, that he, Free, was colored but said that he, the witness, did not reply to that statement by Judge Brannon. He testified that his mother had always told him that his father was Indian or part Indian. There is no evidence in the record that Free's mother ever stated that anyone except the man Ed Stevens was the father of this boy. On this trial she testified that Ed Stevens was "part Greek and Indian."

The allegation that the defendant had "more than one-eighth negro blood in him" is one of the material allegations of the information and that allegation is required to be proven beyond and to the exclusion of every reasonable doubt.

The evidence tending to show that Eph Parks was the father of the defendant is entirely circumstantial and does not meet the test that where circumstantial evidence is relied upon for conviction the circumstances proven must not only be consistent with the conclusion necessary to establish the guilt of the accused, but must be inconsistent with every other reasonable hypothesis.

The evidence has been examined and is found not legally sufficient to establish proof that Eph Parks, a negro, was the father of the defendant, Charlie Free.

It follows that the judgment must be reversed and it is so ordered.

Reversed.

TERRELL, C. J., and THOMAS, J., concur.

WHITFIELD, P. J., concurs in opinion and judgment.

236

Justices Brown and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.