GEORGE WILLIAMS, A. C. CARLTON and DAN STOCKS, v. STATE OF FLORIDA.

28 So. (2nd) 691                                    January Term, 1947
January 17, 1947                                              En Banc

*Akerman, Wallace & Akerman, Alex Akerman, Jr., G. Beverly McEwen,* for appellants.

*J. Tom Watson,* Attorney General, and *Reeves Bowen,* Assistant Attorney General, for appellee.

ADAMS, J.:

Appellants were convicted of entering without breaking with intent to commit a felony, to-wit—grand larceny and were sentenced to imprisonment for five years and to pay the costs which were taxed at $71.43, or in default of the payment to serve an additional thirty days.

One question presented on this appeal is whether the sentence is legal. It is submitted that the judgment must be reversed under authority of Howell v. State, 136 Fla. 582, 187 So. 163.

By authority of Sec. 775.06 Fla. Stat. 1941, F.S.A., the court might have imposed both a fine and imprisonment. In that event a predicate would have been laid upon which to sustain a further award of cost against the convicts. It does not comport with logic to say that this judgment would be correct if the court had only assessed a nominal fine of one dollar whereas, in fact, no fine was assessed.

In Howell supra the statute (Sec. 782.07 Fla. Stat. 1941, F.S.A.) did not expressly authorize both imprisonment and fine. The same is true as to the penalty clause in the statute now before us, however Sec. 775.06 supra is a general statute in that it applies to all offenses. It does not appear that we considered this statute when the Howell case was decided. The fact that no fine was imposed to sustain the imposition of costs is all in favor of appellants.

We might exercise our power under Sec. 59.34, Fla. Stat. 1941, F.S.A., and affirm the judgment after deleting the part taxing costs and the alternative imprisonment for failure to pay same, nevertheless we are of the view that the judgment is good as against this attack. We now recede from whatever may appear to the contrary in Howell supra.

The remaining question goes to the competency and sufficiency of the evidence. The evidence is not as conclusive as to the appellants, Carlton and Stocks, as it is regarding Williams, yet we are satisfied to approve it as did the trial judge.

The judgments are affirmed.

CHAPMAN and TERRELL, JJ., concur.

FABISINSKI, Circuit Judge, concurs specially.

THOMAS, C. J., and BUFORD, J., dissent.

FABISINSKI, Circuit Judge, concurring specially:

The evidence as to defendants, Carlton and Stocks is all circumstantial, except the evidence of their declarations and admissions. These two defendants were quoted as saying unequivocally that they were with Williams all of the time, from late in the evening of the night upon which the burglary must have occurred, until all three were taken into custody. This, taken with the circumstantial evidence, seems to me to warrant the jury in finding beyond a reasonable doubt that they were participants in the burglary, since the evidence that Williams was a participant is overwhelming.

So I concur in the opinion of Mr. Justice ADAMS.

BUFORD, J., dissenting:

The evidence in this case as to the guilt of the three defendants was entirely circumstantial and, therefore, the rule of law as to sufficiency of circumstantial evidence applies. In this case it was necessary to prove that the three defendants unlawfully entered the church with the intent alleged.

The jury in effect acquitted them of the charge of larceny.

Where circumstantial evidence is relied upon for conviction in a criminal case, the circumstances when taken together, must be of a conclusive nature and tendency, leading on the whole to a reasonable and moral certainty that the accused and no one else committed the offense. It is not sufficient that the facts create a strong probability of, and be consistent with, guilt; they must be inconsistent with innocence. Parish v. State, 98 Fla. 977, 124 So. 444; Cannon v. State, 91 Fla. 214, 107 So. 360; Hall v. State, 90 Fla. 719, 107

So. 246; Asher v. State, 90 Fla. 75, 105 So. 140; Lee v. State. 96 Fla. 59, 117 So. 699; Davis v. State, 90 Fla. 816, 107 So. 245; Smith v. State, 101 Fla. 162, 133 So. 873; Simmons v. State, 99 Fla. 1216, 128 So. 486; Kennedy v. State, 31 Fla. 428, 12 So. 858; Gantling v. State, 40 Fla. 237, 23 So. 857; Pate v. State, 72 Fla. 97, 72 So. 517; Whetston v. State, 31 Fla. 240, 12 So. 661. Also see Solomon v. State, 115 Fla. 310, 156 So. 401; Brown v. State, 127 Fla. 225, 172 So. 921; Dewey v. State, 135 Fla. 443, 186 so. 224; Free v. State, 142 Fla. 233, 194 So. 639; Savage v. State, 152 Fla. 367, 11 So. (2nd) 778.

The evidence as to the guilt of A. C. Carlton and Dan Stocks fails to meet the test of sufficiency.

Every bit of the evidence shown in this record may be absolutely true and all reasonable deductions there from be indulged and yet all the proof be and remain consistent with the innocence of Carlton and Stocks. The evidence was sufficient to support a suspicion of the guilt of these two defendants and no more. This is not enough. See Smith v. State, 101 Fla. 162; 133 So. 873.

So the judgment against Carlton and Stocks should be reversed.

THOMAS, C. J., concurs.