OWEN, Judge.
Appellant, represented by the public defender after having been adjudged indigent, was convicted of aggravated assault upon his plea of guilty and sentenced to five years in prison, the maximum allowed under F.S. Section 784.04, F.S.A. By separate order costs in the amount of $39.96 were taxed against appellant with a proviso that in default of payment thereof he be confined in the Palm Beach County jail for a term of 39 days at hard labor consecutive to the sentence in the state prison theretofore imposed. The appeal is from this latter order.
The order appealed was entered April 14, 1969. At that time the trial court had the authority to impose upon appellant, even though indigent, a period of confinement beyond the maximum term specified by statute in the event of appellant’s failure to satisfy the payment of costs. Dixon v. Mayo, Fla.1953, 64 So.2d 176; Williams v. State, 1947, 158 Fla. 415, 28 So.2d 691. However, while this appeal was pending the Supreme Court of the United States on June 29, 1970, filed its opinion in the case of Williams v. State of Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, expressly holding that where an indigent criminal defendant has been sentenced for the maximum period fixed by statute regulating the substantive offense, the state may not constitutionally imprison him beyond the maximum term specified by statute because of his failure to satisfy the monetary provisions of the sentence. The holding applies to costs as well as fines.
On the authority of Williams v. State of Illinois, supra, we vacate that portion of the court’s order of April 14, 1969, which provides that in default of payment of costs of $39.96 taxed against appellant he be confined in the Palm Beach County jail for a term of 39 days at hard labor to run consecutive with the sentence of five years. No other error having been demonstrated, the costs judgment as thus modified, and the judgment and sentence are severally affirmed.
Affirmed, as modified.
CROSS, C. J., and WALDEN, J., concur.