McCAIN, Judge.
Our review of the record on appeal, assignments of error, and briefs of the parties reflects that appellant-defendant who was convicted of the crime of grand larceny and duly sentenced has failed to demonstrate any reversible error or justifiable complaint except as hereinafter recited.
Defendant was convicted and sentenced to imprisonment for five (5) years, and to pay a fine of $1,000.00, in default of payment of which there would be added an additional one year of imprisonment. Unquestionably, under the authorities of F.S. 811.021(2), F.S.A., F.S. 775.06, F.S.A., F.S. 921.14, F.S.A., Adjmi v. State, Fla.App.1962, 139 So.2d 179; Dixon v. Mayo, Fla.1953, 64 So.2d 176; Williams v. State, 1947, 158 Fla. 415, 28 So.2d 691, the court had the authority to impose this sentence which, in effect, enlarged the legal sentence.
While this appeal was pending the Supreme Court of the United States rendered an opinion on June 29, 1970, in the case of Williams v. State of Illinois, 1970, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586, holding that the state may not constitutionally impose imprisonment upon a defendant beyond the maximum term specified by the statute regulating the offense through a failure to satisfy a “fine” or “cost” provision of the sentence. It is significant to observe from the opinion:
“We conclude that when the aggregate imprisonment exceeds the maximum period fixed by the statute and results directly from an involuntary nonpayment of a fine or court costs we are confronted with an impermissible discrimination which rests on ability to pay, and accordingly) we reverse.
“ * * * [W]e conclude that an indigent criminal defendant may not be imprisoned in default of payment of a fine beyond the maximum authorized by the statute regulating the substantive offense.
“ * * * [Ojnce the State has defined the outer limits of incarceration necessity *874 to satisfy its penological interests and policies, it may not then subject a certain class of convicted defendants to a period of imprisonment beyond' the statutory maximum solely by reason of their indi-gency.
“ * * * By making the maximum confinement contingent upon one’s ability to pay, the State has visited different consequences on two categories of persons since the result is to make incarceration in excess of the statutory maximum applicable only to those without the requisite resources to satisfy the money portion of the judgment.
" * * *
“ * * * We hold only that a State may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. A statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly. * * * We hold only that the Equal Protection Clause of the Fourteenth Amendment requires that the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.

" * * *

“We are not unaware that today’s holding may place a further burden on States in administering criminal justice. Perhaps a fairer and more accurate statement would be that new cases expose old infirmities which apathy or absence of challenge have permitted to stand. But the constitutional imperatives of the Equal Protection Clause must have priority over the comfortable convenience of the status quo. * * *
“Nothing we hold today limits the power of the sentencing judge to impose alternative sanctions permitted by Illinois law; -the definition of such alternatives, if any, lies with the Illinois courts. We therefore vacate the judgment appealed from and remand to the Supreme Court of Illinois for further proceedings not inconsistent with this opinion.” (Emphasis added.)
Recognizing that an excessive sentence does not vitiate judgment, Tirko v. Wainwright, Fla.1965, 178 So.2d 697; Dean v. State, Fla.1955, 83 So.2d 777; Tilghman v. State, Fla.1953, 64 So.2d 555, we affirm the trial court’s judgment that the defendant was guilty of grand larceny, but, upon the authority of Williams, supra, we vacate the sentence imposed herein and remand the case to the trial court for imposition of a proper sentence.
A provocative question, inapplicable to our case because the defendant sub judice is indigent, arises from Williams, viz, does its rule apply to non-indigents as well as indigents. From the emphasis placed on the excerpts, you can see where Williams states “we conclude * * * involuntary payment of a fine” and “we conclude that an indigent criminal defendant * * * ”, as well as “we hold only that a State may not * * * imprison * * * a defendant * * * unable to pay a fine”. This would appear to limit its application to indigents. Yet, it also states “we hold * * * that * * * the statutory ceiling placed on imprisonment for any substantive offense be the same for all defendants irrespective of their economic status.” Contrariwise, this appears to include non-indigents. Our conclusion on this question would be dictum at this point, and of dubious value in view of the volatile and kaleidoscopic nature of federal opinions that may be under preparation at this moment on this very issue.
Accordingly the judgment is affirmed, the sentence vacated and this cause re *875 manded for proper sentencing in accordance with the views expressed herein.
Judgment affirmed; sentence ordered vacated; and remanded.
WALDEN and REED, JJ., concur.