WIGGINTON, Acting Chief Judge.
Appellant seeks review of a judgment of conviction and sentence based upon a jury verdict finding him guilty of the unlawful possession of a narcotic drug, to wit, cannabis sativa.
By his first point on appeal appellant challenges the correctness of the trial court’s ruling which admitted into evidence over appellant’s objection a statement given by him to the arresting officer that he was in control and charge of the premises described in the search warrant, a search of which premises produced the evidence on which appellant was convicted.
Based upon information furnished by a confidential informant, the police officers obtained a search warrant to search the premises on which appellant was found. Upon entering the dwelling the officers found therein appellant and two other individuals. The officers identified themselves and inquired as to who was in charge of the premises. In response to this general inquiry appellant responded that he was, whereupon the search warrant was read, a search of the premises made, and a large quantity of cannabis sativa found.
It is appellant’s position that his admission of being the one in charge of the premises was highly incriminating and was made in response to interrogation by the officers before they had informed him of his constitutional right to counsel and to remain silent as required by Miranda v. Arizona.[1] Based upon this contention appellant insists that the court erred in permitting the officer to testify as to his admission of control of the premises where the illegal contraband was found.
It is our view that appellant’s position is without merit and must be rejected. The statutes of this state relating to the issuance and execution of search warrants require that when such a warrant is executed, a copy thereof shall be delivered by the of *723 ficer either to the person named in the warrant or, in his absence, to some person in charge of or living on the premises. The statute further requires that if property is taken under the warrant, the officer shall deliver to such person a written inventory of the property and a receipt therefor.[2] When the officer in the case sub judice inquired of the three occupants of the premises which one was in charge or control thereof, he was merely discharging his statutory obligation of determining the identity of such person in order that a copy of the warrant and inventory could be read and delivered to him. The inquiry did not in any sense constitute an in-custody interrogation of one suspected of crime while in a police dominated atmosphere. The Miranda decision itself exempts from its operation general on-the-scene questioning which is customarily made by investigating officers during the fact finding process. It was necessary that the search warrant be executed as it was before an investigation of the suspected crime could be commenced. At that stage of the proceedings the investigation had not yet focused on .the appellant as a suspect. The warnings spoken of in Miranda do not attach until that point in time when the process shifts from investigatory to accusatory — when its focus is on the accused and its purpose to elicit a confession.[3] Such point had not been reached when the challenged inquiry regarding control of the premises was made, and the inculpatory answer given.
By his last point on appeal, appellant urges that the trial court erred by imposing upon him a sentence beyond the maximum limits prescribed by law. The record reveals that appellant was sentenced to imprisonment at hard labor in the state prison for a period of five years, which is the maximum sentence which may be imposed under the statute for one convicted of possessing the drug involved in this case.[4] In addition, the court sentenced appellant to pay a fine of $5,000.00, and in default of payment of said fine to be imprisoned by confinement at hard labor in the state prison for a period of one year to run consecutively with the previous sentence imposed; to pay to the State of Florida for the use of Escambia County the costs of the prosecution assessed at $150.00, and in default of payment of said costs to be imprisoned by confinement at hard labor in the state prison for an additional three months; to pay Florida Police Academy costs of $1.00 or one day additional. From the sentence imposed it is required that appellant, who was an adjudged indigent, must, in addition to the five years imprisonment for which he is sentenced, serve an additional one year to run consecutively with the five year sentence if he defaults in the payment of the $5,000.00 fine imposed upon him, and serve an additional period of three months and one day in the event of his default in payment of the court costs assessed against him.
The question with which we are here confronted was recently adjudicated by the Supreme Court of the United States in the case of Williams v. Illinois.[5] In that case the convicted defendant Williams, who was an adjudged indigent, was sentenced to serve the maximum term of imprisonment provided by state law and in addition to pay a fine of $500.00 and court costs taxed at $5.00. The judgment directed that if appellant defaulted in the payment of the fine and court costs at the expiration of *724 his sentence, he should remain in jail to “work off” the monetary obligations at the rate of $5.00 per day. Appellant contended on appeal that the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution prohibits imprisonment of an indigent beyond the maximum term authorized by the statute governing the substantive offense when that imprisonment flows directly from his present inability to pay a fine and court costs. The court held that the state statute which permitted an indigent defendant to be imprisoned beyond the maximum sentence provided by law because of default in payment of a fine and costs imposed upon him worked an invidious discrimination solely because he is unable to pay the monetary obligations of the sentence. The court reasoned that under such a practice only a convicted person with access to funds can avoid the increased imprisonment, and only indigents are exposed to the risk of imprisonment beyond the statutory maximum. The court opined that by making the maximum confinement contingent upon the convicted defendant’s ability to pay, the state has visited different consequences on two categories of persons since the result is to make incarceration in excess of the statutory maximum applicable only to those without the requisite resources to satisfy the money portion of the judgment. In reversing that portion of the sentence which required that Williams be imprisoned for an additional period of time upon default in payment of the fine and costs imposed upon him, the court held that a state may not constitutionally imprison beyond the maximum duration fixed by statute a defendant who is financially unable to pay a fine. The decision made it clear that a statute permitting a sentence of both imprisonment and fine cannot be parlayed into a longer term of imprisonment than is fixed by the statute since to do so would be to accomplish indirectly as to an indigent that which cannot be done directly. The court concluded that when the aggregate imprisonment exceeds the maximum period fixed by the statute for violation of the substantive offense and results directly from an involuntary nonpayment of a fine or court costs, such situation results in an impermissible discrimination which rests on ability to pay and cannot be sustained. A similar conclusion was reached by the Fourth District Court of Appeal in Gary v. State.[6] Upon the authority of the decision by the United States Supreme Court in the Williams case, supra, the District Court held that a sentence which required the convicted defendant to serve a period of time beyond the maximum term of imprisonment provided by statute if he defaulted in payment of the court costs assessed against him was constitutionally impermissible and void.
Based upon the foregoing authorities, we hold that the part of the sentence in the case sub judice which requires appellant to serve an additional term of incarceration to run consecutively to the maximum sentence of five years imprisonment upon default in payment of the fine and court costs imposed upon him is void and of no effect. We do not wish to imply, however, that this holding shall be construed to mean that the monetary provisions of the sentence appealed herein are ineffective and void. The amount of fine and costs imposed upon appellant is within the permissible limits of the statute, and no attack has been made upon this aspect of the sentence on grounds of unreasonableness. In order to collect the amount of fine and costs imposed by the sentence herein, the state is relegated to those remedies provided by law for the collection of judgments as in other cases.
We have carefully considered the remaining points on appeal urged by appellant but find them to be without substantial merit. The judgment of conviction appealed herein is affirmed, but the sentence rendered *725 against appellant is reversed and set aside and this cause remanded for the entry of an appropriate sentence consistent with our holding herein.
RAWLS and SPECTOR, JJ., concur.

. Miranda v. Arizona, 384 U.S. 436, 86 S.Ct.1602,16 L.Ed.2d 694.

. F.S. § 933.11, F.S.A.

. Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

. F.S. § 398.22(2) (a), F.S.A.
“(2) Any person who violates any provision of this chapter, other than that prohibiting the sale of a narcotic drug to another, shall be guilty of a felony, and upon conviction shall be punished as follows:
“(a) For a first (1st) offense, imprisonment in the state prison for not more than five (5) years, or by a fine of not more than five thousand dollars ($5,000.-00) or both

.Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970).

. Gary v. State, (Fla.App.1970) 239 So.2d 523.