**Wesley William HOOD, Appellant,**

v.

**Bonnie G. SMEDLEY, Warden, Alaska State Jail, Anchorage, Appellee.**

**No. 1406.**

Supreme Court of Alaska.

June 12, 1972.

Allen McGrath, of McGrath & Flint, Anchorage, for appellant.

Charles M. Merriner, Asst. Dist. Atty., Anchorage, John E. Havelock, Atty. Gen., Juneau, Seaborn J. Buckalew, Jr., Dist. Atty., for appellee.

Before BONEY, C. J., and RABINO-WITZ, CONNOR and ERWIN, JJ.

OPINION

CONNOR, Justice.

In this appeal from the denial of a writ of habeas corpus we are asked to decide two questions: whether the appellant's conviction for reckless driving under AS 28.35.040 must be voided because appellant, an indigent, was not afforded counsel at state expense, and whether his incarcera-

tion because of his inability to pay the $300 fine imposed was a denial of equal protection of the law.

Appellant entered a plea of guilty in district court to the reckless driving charge. He was sentenced to 90 days imprisonment and a fine of $1,000. Seventy-five days and $700 were suspended. At no stage of the proceedings was appellant represented by counsel. According to a stipulated statement of the case, appellant was indigent and unable to hire private counsel to represent him at any stage of the proceedings. Nor did the state provide him with counsel at public expense.

On September 17, 1970, appellant filed a writ of habeas corpus in superior court. At that time he had already served the 15 days imprisonment but was being held in custody in lieu of the payment of his $300 fine. It is stipulated that appellant's failure to pay the fine was due solely to his indigency.

 In our recent decision in Alexander v. City of Anchorage, 490 P.2d 910 (Alaska 1971), we held that indigents are entitled to appointed counsel at public expense in any misdemeanor prosecution where there is a possibility of incarceration, loss of a valuable license, or imposition of a heavy fine upon conviction. In the case before us there was such a possibility, and it was realized when appellant was convicted.

Under our holding in *Alexander* the writ should be granted and the conviction vacated. Because the instant case was on appeal to this court when we decided *Alexander,* we need not decide whether the holding in that case must be given complete retroactive effect. Fresneda. v. State, 458 P.2d 134, 143 n. 28 (Alaska 1969).

Because there is a possibility of retrial and conviction upon remanding this case, we must reach the second issue presented on appeal.

Defendant asserts that his further imprisonment under AS 12.55.010 [1] is unconstitutional because the incarceration is not imposed for any penological purpose but in lieu of the $300 fine that he is unable to pay because of his indigency. Under Williams v. Illinois, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586 (1970), and Tate v. Short, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed. 2d 130 (1971), our decision has largely been made for us. In *Williams* the court struck down a statutory system by which a state prisoner could be held beyond his term of imprisonment in order to "work off" a fine which he was unable to pay because of his indigency. This imposed an impermissible discrimination, resting on ability to pay, and thus violated the Equal Protection Clause of the United States Constitution. In *Tate* the court was presented with a case in which only fines had been imposed. The defendant, an indigent person, was committed to jail in lieu of payment of the fines. Because imprisonment stemmed solely from the indigency of the defendant, it was held to work the same invidious discrimination which was held unconstitutional in *Williams.*

 In contravention of the principles laid down in *Williams* and *Tate,* AS 12.55.-010 provides that a defendant who does not pay a fine may be imprisoned until the fine is satisfied, with a credit of $5.00 for each day served and an additional credit of $5.-00 for each day worked. We must, therefore, hold that the statute, when applied to an indigent defendant, is unconstitutional. Similarly, we must hold that AS 12.55.030,

---

1. "A judgment that the defendant pay a fine shall also direct that he be imprisoned until the fine is satisfied, specifying the extent of the imprisonment, which cannot exceed one day for every $5 of the fine. In case the entry of judgment should omit to direct the imprisonment and the extent thereof, the judgment to pay the fine shall operate to authorize and require the imprisonment of the defendant until the fine is satisfied at the rate above mentioned. If the defendant chooses to work during the imprisonment, he may be granted an additional reduction of $5 of fine for each day worked. Prisoners may be employed only in undertakings that do not put them in competition with the product of free labor."

which, upon proof of indigency, limits the sentence in lieu of payment of a fine to 30 days, is unconstitutional.

We must emphasize that the doctrine of *Williams* and *Tate* does not require the total elimination of fines. Such a result would be most undesirable.

> "To impose imprisonment in every case would leave an indigent's plight unchanged and promote an inverse discrimination, because the employed man with funds would suffer a greater penalty." State v. Tackett, 483 P.2d 191, 192 (Hawaii 1971).

The injustice that is to be remedied is not the imposition of the fine itself, but the requirement that it be satisfied immediately or be automatically converted into a jail term.

There are methods which the State of Alaska may employ to serve its valid interest in enforcing the payment of fines. The United States Supreme Court has noted that the states are free to choose from a variety of alternatives. Williams v. Illinois, supra, 399 U.S. at 245, 90 S.Ct. 2018. Several states have a statutory procedure for payment of fines in installments.[2] Other suggested procedures are work parole systems to enable the indigent to earn funds to pay his fine, "day fines" (the assessment of fines according to the ability to pay), and deferred payment plans to allow the defendant time to collect sufficient resources to meet his obligation to the state. Note, Fining the Indigent, 71 Colum.L.Rev. 1281, 1285–88 (1971); Note, Imprisonment for Nonpayment of Fines and Costs: A New Look at the Law and the Constitution, 22 Vand.L.Rev. 611, 627 (1969); ABA Project on Minimum Standards for Criminal Justice, Sentencing Alternatives and Procedures, § 2.7 at 18–20 (1968).

Because AS 12.55.010 is unconstitutional as applied to the indigent offender, we should consider whether, in Alaska, constitutionally valid alternatives are available.

AS 12.55.100[3] provides one solution to the problem. Under that statute conditions may be imposed in an order granting probation. Since probation may be ordered even though a fine is the only penalty,[4] this provision allows an alternative to the immediate payment of the fine. This assumes that the court, within its discretion, determines that the case is a proper one for such disposition. We do not mean to imply that conditional probation under AS 12.55.100 should be used invariably for the collection of fines. This alternative should be resorted to only when probation is otherwise justified.

The legislature has not enacted a specific statutory method for the enforcement of fines that is not violative of the equal protection rights of indigents. Until this occurs, the trial courts will be required to fashion constitutionally acceptable alternatives under their implicit power in sentencing matters, when the imposition of probation is not appropriate.

■ Some courts, when faced with an appeal from the imposition of a jail term in lieu of a fine for an indigent defendant, have merely vacated the sentence on the constitutional grounds discussed above.[5]

---

2. *E. g.*, Cal.Penal Code § 1205; Mich.Comp. Laws § 769.3 (1948); Pa.Stat.Ann., Tit. 19, §§ 953–956 (1964), cited in the appendix to Williams v. Illinois, supra.

3. "(a) While on probation and among the conditions of probation, the defendant may be required
　(1) to pay a fine in one or several sums;
　(2) to make restitution or reparation to aggrieved parties for actual damages or loss caused by the crime for which conviction was had; and

　(3) to provide for the support of any persons for whose support he is legally responsible.
　(b) The defendant's liability for a fine or other punishment imposed as to which probation is granted shall be fully discharged by the fulfillment of the terms and conditions of probation."

4. AS 12.55.090.

5. *E. g.*, Simms v. United States, 276 A.2d 434 (D.C.App.1971); Booth v. State, 246 So.2d 791 (Fla.App.1971); Gary v. State, 239 So.2d 523, 524 (Fla.App.1970).

We do not approve of this result. The legitimate objective of the sentencing court may be achieved by remanding for resentencing under a valid method.[6]

While we do not regard it necessary that the trial courts use only one of the constitutionally acceptable alternatives, we believe that the payment of fines by an installment method is a system most likely to assure the achievement of the penological objective in the usual case.

We wish to emphasize that we are not determining the validity, in general, of imprisonment as a method of enforcing fines or discharging the obligation to pay fines.

Each case presented must be considered upon its particular facts in order to ascertain whether the Equal Protection Clause has been complied with.[7]

We are aware that the payment of fines in installments, deferred payment, or the other methods of fine collection necessarily increases the administrative burden of the courts. But we can perceive of no other method which is constitutionally valid. Legislation in this area could materially lessen the administrative problem.

Reversed and remanded.

BOOCHEVER, J., not participating.

6. *E. g.*, Colocado v. State, 251 So.2d 721, 724 (Fla.App.1971) ; Spurlock v. Noe, 467 S.W.2d 320, 322 (Ky.App.1971) ; State v. De Bonis, 58 N.J. 182, 276 A.2d 137, 147 (1971).

7. Other cases which have dealt with these problems are State v. De Bonis, 58 N.J. 182, 276 A.2d 137, 147 (1971), and In re Antazo, 3 Cal.3d 100, 89 Cal.Rptr. 255, 265, 473 P.2d 999, 1009 (1970).