OWEN, Judge.
Appellant was convicted of obtaining property, to-wit: money, in return for a worthless check, as proscribed by, F.S., Section 832.05(3) (a), F.S.A. We conclude that the evidence was insufficient as a matter of law and that the judgment and sentence should be reversed and appellant discharged.
Appellant maintained a checking account with the Barnett First National Bank of Cocoa, Florida. On March 11, 1971, the account was overdrawn in the amount of $28.94, due primarily to the fact that the bank had charged the account a total of $60.00 since the first of that month as a service charge of $5.00 per check on twelve dishonored checks. There were no other transactions in the account until March 29th. On that date, appellant deposited the sum of $110.20 to the account, thereby leaving a credit balance of $81.26. On that same date he wrote a check on the *311 account payable to the order of “cash” in the amount of $110.00, and on the following day, with no intervening transactions in the account, he presented the check to one of the bank’s tellers, for which he received the sum of $110.00 in cash. Later that day the check was dishonored by the bank because of insufficient funds in the account. A year later he was charged with the information upon which he was convicted.
First and foremost, the facts of this case bring it squarely within the exception to the statute which we quote in the margin.[1] The bank was the drawee, and under the holding in George v. State, Fla.App. 1967, 203 So.2d 173, was also the payee. It necessarily had knowledge of the fact that at the time appellant presented the check to the teller the account did not have sufficient funds to insure payment thereof because the bank is charged with knowledge of its own records.
Secondly, the deposit which appellant had made to the account the preceding day, and against which there were no intervening charges, was sufficient to cover the check out of which the present conviction arose. The deposit was in the sum of $110.20, and we assume this amount was good. The dual transaction, i. e., the deposit and subsequent withdrawal, is exactly the same as if, at the time of the deposit, appellant had deducted $110.00 in cash on his deposit slip and the deposit entry had been made for 20‡ only. See Sherman v. State, Fla.1971, 255 So.2d 263, for similar reasoning.
Finally, there was no evidence that appellant was aware that the bank had, during the first eleven days of March, 1971, charged his account a total of $60.00 as service charge on twelve separate checks which had been dishonored. These service charges appeared on the monthly statement rendered by the bank to appellant after March 31st. Without these debit items on the account, the balance would have been more than sufficient to cover the check in question at the time it was cashed.
Appellant has raised on this appeal certain other alleged errors which, if meritorious, would entitle appellant to a new trial. However, we do not need to decide any of these points in view of our determination that appellant is entitled to be discharged. The judgment and sentence are severally reversed and the cause remanded with instructions to discharge appellant from the crime charged.
Reversed and remanded.
REED, C. J., and MAGER, J., concur.

. Section 832.05(3) Obtaining property in return for worthless cheeJcs, eto.; penalty.
“(a) . . . provided however that no crime may be charged in respect to the giving of any such check or draft or other written order where the payee knows or has been expressly notified or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment thereof.”