404 So.2d 791 (1981)
Virgil RIGAUD, Appellant,
v.
The STATE of Florida, Appellee.
Nos. 78-863 and 78-924.
District Court of Appeal of Florida, Third District.
October 6, 1981.
*792 Bennett H. Brummer, Public Defender and Alan R. Dakan, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., and Calvin L. Fox, Asst. Atty. Gen., for appellee.
Before HENDRY, SCHWARTZ and NESBITT, JJ.
NESBITT, Judge.
The defendant appeals from his adjudication and sentence for the offenses of: (1) obtaining property in return for a worthless check contrary to Section 832.05(3), Florida Statutes (1975) [Count I]; and (2) grand larceny contrary to Section 812.021, Florida Statutes (1975) [Count II].
The only point which requires consideration here is the sufficiency of the evidence to support his conviction on either count of the information. We reverse the conviction for obtaining property in return for a worthless check and affirm the conviction and sentence with respect to grand larceny.
The defendant was a watchmaker. In conjunction with the sale of watches and clocks, he also engaged in the repair of jewelry and the sale of antiques and bric-a-brac. In the spring of 1977, the victim of the alleged offense left antiques, objects d'art and jewelry with the defendant for sale on consignment. When the victim later approached the defendant concerning the progress of the sale, he offered to pay her for all of the items either sold or unsold. The defendant gave the victim his personal check, either on Friday or Saturday. By her undisputed testimony, she agreed not to deposit the check until the Tuesday following its delivery. The reason for the delay in placing the check in the chain of collection was to ensure that a large sum of money, allegedly paid to the defendant by another party, would have previously cleared his account. The victim did not deposit the check until the date agreed, whereupon it was promptly dishonored for insufficient funds.
With respect to Count I, the defendant contends that the exception to Section 832.05(3), supra, is applicable. The section provides, in pertinent part:
provided however that no crime may be charged in respect to the giving of any such check or draft or other written order where the payee knows or has been expressly notified or has reason to believe that the drawer did not have on deposit or to his credit with the drawee sufficient funds to insure payment thereof.
By her own testimony, the payee (victim) had reason to believe that the drawer (defendant) did not have sufficient funds on deposit to ensure payment on the check. Consequently, the provision of Section 832.05(3), supra, that affords an accused an affirmative defense, is applicable. Tappan v. State, 277 So.2d 310 (Fla.4th DCA 1973). For the same reason, the defendant could not be convicted of the lesser included offense under Section 832.05(3)(b), supra.
The defendant next contends that his conviction of grand larceny should be reversed because the circumstantial evidence did not exclude all reasonable hypotheses except guilt. Specifically, the defendant urges that the victim's goods may have been taken by the landlord.
The defendant rented his shop from the landlord who operated a business in the adjacent building. The landlord testified that the defendant became overdue in his rental payment. On the last Thursday in May, 1977, the landlord went to the defendant's shop and demanded payment. According to the landlord, the business was in full operation on that date. The defendant agreed to meet with the landlord on the following day to pay the rent, but did not keep his appointment. The landlord became apprehensive and, on the following *793 Tuesday, used his passkey to unlock the defendant's shop. As he entered the shop, he noticed it was barren of all merchandise except a few watchbands and other items of little value. Additionally, the defendant's tools, which were in the shop on Thursday, were no longer present. The landlord restored the identifiable property to its rightful owners. It is undisputed that the shop remained locked at all times until the landlord entered on Tuesday and discovered that the defendant and his merchandise had disappeared. The defendant testified on his own behalf and conceded that only he and the landlord had access to the shop.
Absolute, metaphysical, and demonstrative certainty is not essential to proof by circumstantial evidence. Chason v. State, 148 Fla. 540, 4 So.2d 691 (Fla. 1941); Whetston v. State, 31 Fla. 240, 12 So. 661 (Fla. 1893). However, the evidence must exclude every reasonable hypothesis except guilt. The defendant relies upon our decision in Redding v. State, 357 So.2d 483 (Fla.3d DCA), cert. denied, 364 So.2d 892 (Fla. 1978) in support of his argument that the circumstantial evidence is insufficient to prove that the defendant took the victim's goods. We consider that decision to be distinguishable from the present case. In this case, the jury could infer by the utterance of the worthless check that the defendant's business was failing. In addition, the defendant's delinquency in rental payments, his sudden and mysterious disappearance together with all property over which he had dominion, and the fact that the business was in full and regular operation immediately preceding the disappearance of the defendant and the merchandise, warranted the jury determination of guilt. Chason v. State, supra; Dewey v. State, 135 Fla. 443, 186 So. 224 (1938).
The defendant's hypothesis of innocence was predicated on the theory that the landlord may have taken the victim's goods. We find that the jury's rejection of this hypothesis was reasonable under the circumstances of the case. In Piantadosi v. State, 311 So.2d 742 (Fla.3d DCA 1975), the court stated:
On appeal, the test is not whether this court sitting as trier of fact thinks the evidence excludes every reasonable hypothesis but that of guilt, it is whether the jury ... reasonably concluded that it did.
311 So.2d at 744. See also, Hernandez v. State, 305 So.2d 211 (Fla.3d DCA 1974), cert. denied, 315 So.2d 192 (Fla. 1975). At trial, it was admitted that only the defendant and the landlord were in possession of the premises. The landlord testified extensively regarding his relationship with the defendant. He explained the reasons why he entered the shop after the defendant's sudden disappearance as well as his participation in the distribution of the merchandise. The only question which was not asked was whether the landlord was in fact the thief. Under all the attendant circumstances, we do not find such a question necessary. The perceptions of the landlord, the reasonableness of his conduct, and his credibility were all before the jury. The jury was warranted in rejecting the defendant's hypothesis of innocence in light of all the evidence presented. Simmons v. State, 99 Fla. 1216, 128 So. 486 (1930).
For the foregoing reasons, the defendant's conviction of obtaining property in return for a worthless check is reversed. In all other respects, his conviction and sentence are affirmed.