PER CURIAM.
The defendant was charged with one count of obtaining property in return for a worthless check, contrary to section 832.05, Florida Statutes (1991), in each of two separate informations. In both cases, the defendant had given a worthless check in order to purchase a used vehicle. The defendant agreed to consolidate both infor-mations, and have a non-jury trial. In case number 89-8823, the used car salesman admitted that at the time of delivery of the check, the defendant told him there were insufficient funds in the account to cover the amount of the check, but had assured him that he would transfer the funds from another account. After consulting with management, the salesman accepted the check and the sale was consummated. Section 832.05(4)(a), Florida Statutes (1991) expressly provides that no crime may be charged with respect to the giving of a check if the payee knows that the drawee does not have sufficient funds on deposit or credit to ensure payment. See also Rigaud v. State, 404 So.2d 791 (Fla.3d DCA 1981). Consequently, defendant’s conviction for obtaining property in return for a worthless check in case number 89-8823 is reversed.
The defendant’s claims as to case number 88-36266 are without merit.
Accordingly, we affirm in part, reverse in part, and remand.